THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, v. JONAS SONNEBORN, Appellant.

In an action to recover rent which had accrued under a lease of a certain pier in New York city, it was admitted that defendant had had the full benefit of the lease in the use of the pier and the collection of wharfage according to its terms.  Defendant put his defense on the sole ground that the lease was not made after or in pursuance of any sale by public auction of the privilege conferred, as required by the statute (§ 37, chap. 383, Laws of 1870), which was conceded by the plaintiff.  *Held*, that this constituted no defense; that defendant having had the full benefit of the contract, was estopped from questioning its validity.

*Pratt* v. *Eaton* (18 Hun, 293) distinguished.

(Argued March 28, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 1, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts are sufficiently stated in the opinion.

*David Gerber* for appellant.  As the wharfage franchise was not offered for sale at public auction to the highest bidder, the lease is illegal and void, and unenforceable in a court of law.  (Laws 1870, chap. 137, § 99 ; Laws 1871, chap. 574; Laws 1873, chap. 335, § 88 ; Laws 1882, chap. 410, § 716.)  A sale or leasing by an officer of a municipal corporation, in violation of the inhibition of the statute directing that it shall only be to the highest bidder at a public auction, is illegal and incapable of enforcement.  (*Halstead* v. *Mayor, etc.,* 3 N. Y. 430–433 ; *Brady* v. *Mayor, etc.,* 20 id. 312; *McDonald* v. *Mayor, etc.,* 68 id. 23 ; *Schwank* v. *Mayor, etc.,* 69 id. 444 ; *Parr* v. *Village of Greenbush,* 72 id. 463, 471 ; *Dickinson* v. *City of Poughkeepsie,* 75 id. 65–75 ; *Smith* v. *City of Newburgh,* 77 id. 130 ; 1 Dillon on Mun. Corp. §§ 449–466 ; *Hodges* v. *City of Buffalo,* 2 Denio, 110 ; *Cowan*

v. *Vil. of West Troy,* 43 Barb. 48 ; *Taylor* v. *Beebe,* 3 Rob. 262 ; *Smith* v. *City of Buffalo,* 1 Sheld. 493 ; *Sillocks* v. *Mayor, etc.,* 11 Hun, 431 ; *Addis* v. *City of Pittsburgh,* 17 Alb. L. J. 58 ; *City of Jefferson* v. *Patterson,* 35 Ind. 140 ; *Zottman's Case,* 20 Cal. 96 ; *Rumsey Mfg. Co.* v. *Shell City,* 4 West. Rep. 752 ; *Agowam Nat. Bk.* v. *Inhabitants of South Hadley,* 128 Mass. 503.) The violation of the statute requiring a sale by a public officer to be consummated only after a sale at public auction, and then to the highest bidder, renders the contract illegal and incapable of enforcement though executed, so that even a recovery upon *quantum meruit* would not be sanctioned. (*Brady* v. *Mayor, etc.,* 20 N. Y 312 ; *McDonald* v. *Mayor, etc.,* 68 id. 23 ; *Schwank* v. *Mayor, etc.,* 69 id. 444 ; *Parr* v. *Village of Greenbush,* 72 id. 463–467 ; *Dickinson* v. *City of Poughkeepsie,* 75 id 65–75 ; *Smith* v. *City of Newburgh,* 77 id. 130–135 ; *City Council* v. *Montgomery Plank-Road Co.,* 31 Ala. 76 ; *McCracken* v. *City of San Francisco,* 16 Cal. 591 ; 2 Hoffman's Laws of City of New York, 862, 864–866, 873.) Even if the defendant's object in securing the lease was to limit the use of the wharf to a special purpose, no conditions can be engrafted upon it inconsistent with its terms. (Wood's Land. and Tenant, 117.) The defendant, as well as the public, on the payment of the wharfage, could, as a matter of right, use the wharf for any and every lawful purpose. (*Commissioner of Pilots* v. *Clark,* 33 N. Y. 251–264 ; *Radway* v. *Briggs,* 37 id. 256 ; *Mayor, etc.,* v. *Rice,* 4 E. D. Smith, 609.)

*William C. Turner* for respondent. The defense that the contract in question was *ultra vires* on the part of the corporation will not avail to shield the defendant from liability to pay the rental reserved. (*Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62 ; *Parrish* v. *Wheeler,* 22 id. 494 ; *Steam Navigation Co.* v. *Weed,* 17 Barb. 378 ; *Woodruff* v. *E. R. Co.,* 93 N. Y. 618 ; *Bissell* v. *Michigan Southern R. R. Co.,* 22 id. 258 ; *Moss* v. *Rossi Mining Co.,* 5 Hill, 137 ; *Arnot* v. *Erie R. Co,.* 67 N. Y. 315 ; *Buffet* v. *T. & B. R. R. Co.,* 40

id. 168; *Fisher* v. *N. Y. C. & H. R. R. R. Co.*, 46 id. 644; *Remsen* v. *Graves*, 41 id. 471; *Olcott* v. *Cayuga R. R. Co.*, 27 id. 546; *Castle* v. *Lewis*, 78 id. 134, 136; *Kent* v. *Quicksilver Mining Co.*, Id. 183; 1 Dillon on Mun. Corp. [3d ed.] 88; *Bailey* v. *Mayor, etc.*, 3 Hill, 539; *Dartmouth College* v. *Woodward*, 4 Wheat. 668, 672.)

DANFORTH, J. On the 21st of April, 1873, the defendant took a lease from the plaintiff, through the commissioners of the department of docks, of a certain pier in the city of New York for the term of five years from the 1st of May, 1873, and agreed to pay therefor the annual rent of $5,000 in equal quarterly payments, the first payment to be made August 1, 1873. He took and retained possession of the premises, but failed to pay the rent due August 1, 1874, November 1, 1874, and February 1, 1875, and this action was brought for its recovery.

The defendant answered, denying none of the material allegations of the complaint, but setting up new matter by way of defense. At the trial he at once assumed the affirmative, and put his defense on the sole ground that the lease was not made after or in pursuance of any sale by public auction of the privilege conferred thereby. This was conceded by the plaintiff and found by the court to be the fact, and the only question upon this appeal is whether the court below erred in holding that it constituted no sufficient answer to the plaintiff's cause of action.

The appellant relies upon the statute (*infra*), which declares that " all leases other than for districts appropriated by said board to special commercial interests, shall be made at public auction to the highest bidder " (Laws of 1870, chap. 383, § 37), and his contention is that, by reason of the omission to comply with this provision, the lease is illegal and void and his contract not enforceable. No fraud is alleged, nor is it disputed that the plaintiff has performed every obligation on its part, and the appellant has had the full benefit of the

lease in the use of the premises demised, and the collection of wharfage according to its terms. I find nothing in the statute which, under the circumstances, need embarrass the defendant in fulfilling the obligation which he incurred.

The department of docks have, by statute, an absolute and exclusive discretion in determining what piers shall be leased, and for what terms, not exceeding ten years (Laws of 1871, chap. 574; Laws of 1873, chap. 335, § 88; Laws of 1882, chap. 410, § 716), and are given a general authority to make leases therefor, but for other than the excepted districts (*supra*) " at public auction to the highest bidder."

The court below refused to find, as requested by the defendant, that the premises in question were not so excepted, and upon that ground alone it might be said that the defendant failed to bring his case within the statute.

But there is a further reason against his appeal, resting upon broader ground. He has had the full benefit of the contract and, therefore, cannot be permitted, in an action founded upon it, to question its validity. The principle of estoppel upon which this rule stands has been recognized and applied in a uniform course of recent decisions by this court, and there is no feature in the present case which requires a renewed discussion of the subject. (*Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; *Rider Life Raft Co.* v. *Roach*, 97 id. 378.) If the lease were evil in itself, and so, void as against public policy, or if it had been declared illegal or void by statute, as the contract was in *Pratt* v. *Eaton* (18 Hun, 293), a different question would have arisen. It is simply one of capacity or power, and the rule I have referred to is applicable to an action brought by a municipal as well as another corporation. The party benefited by its exercise cannot be heard to deny its existence.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.