THE BRIDGEPORT CONSTRUCTION COMPANY and CHARLES W. H. ARNOLD, as Trustee in Bankruptcy of The Bridgeport Construction Company, Plaintiffs, *v.* EDWIN DUFFEY, as State Commissioner of Highways of the State of New York, and FRED W. SARR, as Second Deputy State Commissioner of Highways of the State of New York, Defendants.

(Supreme Court, Albany Special Term, February, 1919.)

Highway Law — distinction between "construction and improvement" and "maintenance and repair" — Highway Law, § 171 — Highway Referendum Act (Laws of 1912, chap. 298).

Contracts — provisions of, with state for improvement of state highways — pleading — bankruptcy — injunctions — when contractor estopped to question validity — when motion to dismiss complaint granted.

　　The clear distinction in the Highway Law between "construction and improvement" of a highway and its "maintenance

and repair " existed at the enactment of the Highway Referendum Act (Laws of 1912, chap. 298), and has been embodied in the Highway Law from the inception of the policy of improved state and county highways.

While by section 171 of the Highway Law provision is made for the appropriation of funds from the state treasury for the " maintenance and repair " of the state and county highways, the moneys made available by the Referendum Act of 1912 can be appropriated solely for the purpose of the " construction and improvement " of said highways.

By a contract with the state for the improvement of a state highway, the contractor, in consideration of the moneys to be paid and received for doing the work, agreed for three years to guarantee and maintain a certain part of the road upon certain conditions, among which was that five per cent of the contract price for that part of the work for which guaranty was required, should be retained out of the moneys accruing to him upon the completion and acceptance of the work and he further agreed to promptly make free of charge " any and all repairs " to said part of the road. The state commissioner of highways retained from the balance due on the completion and acceptance of the work the percentage agreed on. Shortly after, the contractor was adjudicated a bankrupt and by an order of the bankruptcy court his trustee in bankruptcy brought this action to restrain the state commissioner of highways and one of his deputies from using the percentage retained for the purpose of maintaining or repairing said highways. Upon the trial it appeared that the defendant commissioner notified the plaintiff in writing that unless certain repairs were made within ten days from the date of the notice they would be made by the department of highways and that the percentage retained and held by said commissioner would be applied to the cost of the work. Upon the expiration of the time limit, the notice not having been complied with, the contract was canceled and annulled by an order of the commissioner of highways which provided that all or so much of the percentage retained of the guaranty of the first year's maintenance on said highway should be applied to any expense the state might incur in such maintenance owing to the neglect or refusal of the contractor or its surety company on its bond to perform the contract. *Held*, that by the guaranty clause of the contract an attempt was made to provide, for three years, for the maintenance and repair of the highway out of the fund appropriated for its construction and improvement.

The repairs required by the contract had reference to " any and all repairs " of whatever name or nature, not simply to making good the imperfect work done or the defective material used, and the commissioner of highways was entitled to use the moneys for the repairs made by him unless the plaintiff can succeed upon other grounds.

Whether said provision of the contract involved an expenditure of moneys for a purpose not authorized, or not, there were two sufficient answers to the complaint: 1. That an action to restrain the expenditure of such state moneys, though illegal, was maintainable only by the people of the state, and 2, that the contractor, having been paid all that was due under the contract except the percentage here involved, would not be permitted to escape the terms of the contract, as to the repairs made, because of want of power in the highway commissioner to contract to pay for such repairs out of the referendum moneys.

The contractor having acquiesced in the unauthorized act and the plaintiff having had the full benefit of the contract was estopped to question its validity, and since the court cannot grant the relief sought, defendant's motion to dismiss the complaint will be granted.

MOTION to dismiss complaint.

Benjamin P. Wheat, for plaintiffs.

Charles D. Newton, attorney-general (Arthur E. Rose, third deputy, of counsel), for defendants.

HINMAN, J. The plaintiff, a domestic corporation, entered into a contract on the 11th day of March, 1914, with the state of New York for the improvement of the Coxsackie village highway No. 5369 located in the county of Greene, state of New York.

By the terms of the contract the plaintiff agreed to construct the said highway in accordance with the plans and specifications which were made a part thereof.

Upon the completion of said highway the state of New York agreed to pay the sum of $25,161.54.

The construction of said highway was completed and accepted by the state commissioner of highways on or about the 11th day of November, 1914, and thereafter the plaintiff received from the state of New York, pursuant to the terms of said contract, the sum of $22,093.60, leaving a balance in the hands of the commissioner of highways of $3,067.94, of which the sum of $608.89 was retained and held by the state commissioner of highways as a guaranty, pursuant to the provisions of section 20 of said contract which provides as follows:

" The contractor in consideration of the moneys to be paid and received for the construction of such work hereby expressly covenants and agrees for a period of three years to guarantee and maintain the parts of the road hereinafter mentioned and under the following conditions:

" The base of the road when laid shall be accepted in writing by the State Commissioner of Highways, and after such acceptance in writing is given by the State Commissioner of Highways the Contractor then covenants and agrees to guarantee and maintain all that part of said road over the accepted base for a period of three years from the final acceptance thereof by the State.

" The Contractor further agrees to promptly make and execute free of charge any and all repairs to said part of said road and renew all such materials as aforesaid as may become necessary from ordinary and legitimate wear and tear, from natural causes, or from defective materials, and to restore said portion of said work to the proper grade if it falls below it any place, and remedy all such defects as may disclose themselves during said period of three years, even if the repairs are not or cannot be made during the said term. In case of the failure of the Contractor

so to make the required repairs and renewals the State Commissioner of Highways may have the work done and any expense may be paid under the sum retained by the State under this contract, and that being insufficient or there being none on hand the Contractor and the Surety Company on his bond shall make good the deficiency. The State Commissioner of Highways shall decide when work is in need of repairs during the term of the guaranty. The guaranty and maintenance requirements will apply only to that part of the work for which it is expressly stated herein that the contract price shall cover the guaranty and maintenance for a period of three years.

"A sum equal to five per centum of the contract price for that part of the work for which guaranty is required will be retained out of the moneys accruing to the Contractor for a period of one year after the completion and acceptance of the work."

On the 20th day of November, 1914, the plaintiff was duly adjudicated a bankrupt by the United States District Court of the Southern District of New York and thereafter Charles W. H. Arnold was appointed the receiver of said bankrupt and upon qualifying as such receiver entered upon the duties of such office. Thereafter the said receiver was duly appointed and qualified as the trustee in bankruptcy of the plaintiff and by an order of the United States District Court of the Southern District of New York is authorized to commence this action.

On the 22d day of April, 1915, the commissioner of highways notified the plaintiff that certain repairs had become necessary upon state highway No. 5369 and thereby directed said plaintiff to proceed within twenty days from the date thereof to make the repairs therein designated. Upon the 18th day of May, 1915, the commissioner of highways notified the plaintiff

in writing that unless the repairs set forth in said notice were made within ten days from the date thereof the department of highways would proceed to perform the same in such manner as was deemed advisable and that the moneys held by the state commissioner of highways under section 20 of the contract would be applied toward the cost of such work.

On or about the 7th day of July, 1915, the state commissioner of highways notified the plaintiff that whereas ten days had expired and neither the contractor nor the receiver nor the surety company upon the bond of the contractor had complied with the notice hereinabove mentioned, it was ordered that, pursuant to the terms of said contract for the improvement of Coxsackie village state highway No. 5369, said contract was thereby canceled and annulled; and it was further ordered that all or so much thereof as might be necessary of the sum of $608.89 retained for the guaranty of the first year's maintenance work on said highway should be and the same was thereby made applicable to any expense which might be incurred by the state in such maintenance owing to the neglect or refusal of the contractor or the surety company to perform the same.

On the 8th day of October, 1915, summons and complaint in the above entitled action were served upon the defendants herein, in and by which the plaintiff seeks to restrain the defendants from using the said sum of $608.89 for the purpose of maintaining or repairing said state highway No. 5369.

Upon the trial of the issues joined herein the following facts other than those already stated were stipulated:

" *Third.* That certain repairs became necessary upon said State highway 5369 during the period of one year after the completion thereof; that the Com-

17

missioner of Highways has estimated that of said repairs a part thereof have become necessary by reason of ordinary wear and tear and causes other than defective workmanship or materials in the amount of $406.50 and that the said State Commissioner of Highways proposes to apply the said sum of $406.50 of the retained percentage under the contract for the construction of said highway for making said repairs claimed to have become necessary through ordinary wear and tear and causes other than defective workmanship and materials, and to expend the balance of said retained percentage towards the making of repairs claimed to be due to defective workmanship and materials.

" *Fourth.* That pursuant to § 20 of the contract for the construction of said highway (a part of Exhibit 1) the base of the road when laid was duly accepted in writing by the State Commissioner of Highways.

" *Fifth.* That there was no amount added to or included in the contractor's total bid price for the construction of said highway No. 5369, pursuant to the contract and specifications therefor (Exhibit 1 herein) by reason of the guaranty clause (§ 20) contained in said contract, and that there was no amount added nor included in the engineer's estimate made upon the construction of said highway prior to the letting of the contract therefor."

Upon these facts the defendant moved to dismiss the complaint of the plaintiff herein upon the grounds, *first,* that the complaint fails to state facts sufficient to constitute a cause of action, and *second,* that the proof submitted by the plaintiff is insufficient upon the merits to constitute a cause of action against the defendant.

Section 20 of the specifications is the only portion of the contract which needs judicial interpretation.

It is conceded that out of the money retained by the commissioner of highways a certain amount is to be expended by said commissioner for the purpose of making repairs which have become necessary through " causes other than defective workmanship or materials." The contention of the plaintiff is that these highway moneys were made available by the Highway Referendum Act of 1912 (Laws of 1912, chap. 298); that the moneys thereby made available could be appropriated by the legislature only for the purpose of constructing and improving the state and county highways and not for the purpose of making repairs thereto after such improvement; and that the use of these moneys for repairs would violate not only the Referendum Act but article 3, section 21 of the State Constitution and section 36 of the State Finance Law, which prohibit the use of funds of the state for any purpose other than that specifically set forth in the act appropriating such funds; that if section 20 of the specifications is to be construed broadly enough to include repairs which have become necessary through " causes other than defective workmanship or materials," it is an indirect method of providing for the repair and maintenance of the highways of the state out of the construction moneys not appropriated for that purpose. The further contention of the plaintiff is that if section 20 of the specifications cannot be thus broadly interpreted, so as to include repairs not caused by defective workmanship or materials, there is no authority under the specification itself permitting the highway commissioner to use any portion of the retained percentage for the making of the repairs in question.

It seems clear to me that the repairs required by specification No. 20 have reference to " any and all repairs " of whatever name or nature whatsoever and

not simply to making good the imperfect work done or the defective material used therein by the plaintiff. Thus the commissioner of highways is entitled to use the moneys for the repairs in question unless the plaintiff can succeed upon other grounds.

There is a clear line of distinction in the Highway Law between " construction and improvement " of a highway on the one hand and " maintenance and repair " on the other. See Highway Law, arts. vi, vii. This distinction existed at the time of the passage of the Referendum Act of 1912 (Laws of 1912, chap. 298), and had existed in the Highway Law from the inception of the policy of improved state and county highways. Express provision is made for the appropriation of funds from the state treasury to maintain and repair the state and county highways of the state. Highway Law, § 171. An examination of the Highway Referendum Act (Laws of 1912, chap. 298), which made available the moneys used in connection with this highway contract, discloses that the moneys thereby made available could be appropriated solely for the purpose of " constructing and improving " highways. No mention is made of " maintenance and repairs."

The theory of the plaintiff is that the repairs in question are not part of the new work contemplated by the statute when it made moneys available by bond issue for the " construction " of highways, but it is the " repair " of old work, which is clearly distinguished from the former in the Highway Law and which is separately provided for in that law and in the making of appropriations by the legislature.

It is contended that the requirements of specification 20, that the contractor guarantee and maintain the road for three years, necessarily tended to impose upon the bond moneys a burden which was illegal, in

that bidders would naturally present higher bids to meet the additional repair requirements and thus indirectly the bond moneys which had been appropriated for new construction would be misappropriated for the making of repairs. *People ex rel. Hall* v. *Maher,* 56 Hun, 81, 84.

It seems clear to me that the natural result of this guaranty clause is to increase the amount which contractors will bid for the construction of highways where the contract for the same contains this guaranty clause and that by the terms of section 20 of the specifications an attempt was made through this guaranty clause to provide, for a period of three years, for the maintenance and repair of such highways out of the funds appropriated for construction and improvement.

It is stipulated as one of the facts in this case that there was no amount added or included in the contractor's total bid price for the construction of the highway in question by reason of this guaranty clause, but it seems to me that the validity of the clause itself must be determined not by the facts of this particular case but by what is possible under it, as was said by Judge Hiscock in *People* v. *Klinck Packing Co.,* 214 N. Y. 121, 138.

I cannot agree with the counsel for the defendant that the guaranty included under section 20 of the specifications is " a guarantee of the quality and character of the work," such as was indicated by Judge Haight in *People ex rel. North* v. *Featherstonhaugh,* 172 N. Y. 112. In that case Judge Haight said: " We think the repairs required by the contract have reference to making good the imperfect work done, or the defective material used therein." But here by the stipulated facts we have an admission that it is not making good the imperfect work or materials but is a guaranty to make repairs which " have become neces-

sary by reason of ordinary wear and tear and causes other than defective workmanship or materials."

But whether the specification in question involved an expenditure of moneys for a purpose not authorized by the Appropriation Act or not, there are two sufficient answers to the plaintiff's complaint. An action to restrain the expenditure of such state moneys, if such expenditure is illegal, it seems, could be brought by the people of the state alone. *County of Albany* v. *Hooker*, 204 N. Y. 1, 19.

Moreover a party may waive the benefit of a constitutional provision. *Vose* v. *Cockcroft*, 44 N. Y. 415; *Conde* v. *City of Schenectady*, 164 id. 258, 263. Certainly the plaintiff, the contractor, who has done the work and has been paid everything due him under the contract, except the small percentage here involved, could not lie by and obtain the benefit of the contract and then ask that the retained moneys be paid to him and that he be permitted to escape the terms of the agreement as to these repairs because of want of power in the highway commissioner to contract to pay for such repairs out of such moneys.

The plaintiff claims the moneys reserved to guarantee the performance of the work to be the moneys of the contractor, on the ground that the contractor did not estimate any additional cost for these repairs when submitting its bid and yet the contractor seeks to avoid the work of repairs on the theory that the contract contemplated the expenditure of public moneys for a purpose not covered by the Appropriation Act. The effect of granting him the relief sought would not be to prevent improper expenditure but to permit him to escape his just obligations voluntarily assumed. Thus, it is not a taxpayer or the state which is seeking to impeach the transaction but it is the contractor who has acquiesced in the unauthorized act and benefited

by it and who, in my judgment, is equitably estopped from questioning it.

It could not be contended that the act of the highway commissioner was *per se* illegal or *malum prohibitum,* but simply *ultra vires.* It was simply one of capacity or power of the highway commissioner to agree directly or indirectly to pay for repairs out of the referendum moneys. The plaintiff having had the full benefit of the contract is estopped from questioning its validity. *City of New York* v. *Sonneborn,* 113 N. Y. 423; *Sheldon H. B. Co.* v. *Eickemeyer H. B. M. Co.,* 90 id. 607; *Rothschild* v. *Title Guarantee & Trust Co.,* 204 id. 458, 461; *Pollitz* v. *Wabash R. R. Co.,* 207 id. 113, 129; *City of New York* v. *Delli Paoli,* 202 id. 18.

Since a court of equity cannot grant the relief sought herein, the motion of the defendant to dismiss the complaint of the plaintiff is granted.

Motion granted.