MARGARET DARNALL, Respondent, and FRANK M. DARNALL, Plaintiff, v. PROGRESS CAB CORPORATION, Appellant, and HENRY E. BURNHAM, Defendant.— In an action to recover for personal injuries resulting from a collision of two taxicabs, judgment in favor of plaintiff-respondent unanimously affirmed, with costs. No opinion. Appeal from order denying the motion to set aside the verdict dismissed. There is no such order. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

ELLTAN REALTY Co., INC., Appellant, v. IRVING TRUST COMPANY, Respondent. — In this action for a declaratory judgment, judgment, referred to in the record as " order and judgment," denying the plaintiff's motion to strike out the first affirmative defense contained in the defendant's answer and granting the defendant's cross-motion for summary judgment unanimously affirmed, with ten dollars costs and disbursements. We are of opinion that the agreement made by and between the parties hereto on the 21st day of February, 1935, reducing the rate of interest as provided by the mortgage, a lien on real estate owned by the plaintiff and maturing on the 18th day of September, 1936, from five and one-half per cent to four per cent per annum until the 1st day of September, 1936, is unaffected by the provisions of section 1077-cc of the Civil Practice Act in its original and amended form. The agreement provided for a reduction of the interest rate only during a part of the mortgage period, after the expiration of which and up to the date of maturity of the mortgage the original terms of the mortgage determined the rate of interest, and, therefore, the rate of interest payable at the expiration of the term of the mortgage was five and one-half per cent per annum. The reduction agreement does not purport to fix the rate of interest up to the maturity of the mortgage or to extend the payment of the mortgage beyond the due date. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ.

WILLIAM C. FARLEY, Respondent, v. FREDERICK C. OVERBURY, Appellant.— Order in so far as it denies defendant's motion to vacate the attachment and the levy thereunder reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order, in so far as it denies defendant's motion to dismiss the summons and complaint, affirmed, without costs. Except for proof of defendant's non-residence, plaintiff has failed to allege evidentiary facts showing he is entitled to the attachment. On the other hand, the evidentiary facts alleged by defendant show *plaintiff* is not the real party in interest and, hence, has no cause of action against defendant on the notes which are the subject-matter of the action. In the absence of affirmative proof that plaintiff has a good cause of action and that the sum claimed is due to him, the drastic remedy of an attachment may not be granted. (Civ. Prac. Act, § 903; *Georgis* v. *Giocalas*, 225 App. Div. 577; *Dicoa Company, Inc.*, v. *Kokomo Sanitary Pottery Corporation*, 249 id. 645, and cases there cited.) Hagarty, Carswell, Johnston and Close, JJ., concur; Taylor, J., not voting.