MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES J. FAY, EMILY IVES FAY, His Wife, and LOUIS H. PINK, as Superintendent of Insurance of the State of New York, as Liquidator of BOND AND MORTGAGE GUARANTEE COMPANY, Defendants.

Second Department, December 23, 1938.

*Lewis F. X. Cotignola* [*Arthur L. Reuter* and *George F. Kaiser* with him on the brief], for the plaintiff.

*Richard L. Maloney, Jr.* [*Charles J. Fay* with him on the brief], for the defendants Charles J. Fay and Emily Ives Fay.

Per Curiam. The action is to foreclose a mortgage. It has been submitted on an agreed statement of facts pursuant to the provisions of sections 546 and 547 of the Civil Practice Act. This controversy involves a construction of section 1077-cc of the Civil Practice Act. (Laws of 1934, chap. 890, effective Aug. 24, 1934, as amd. by Laws of 1937, chap. 713, effective May 28, 1937.) The original statute, which was part of the Mortgage Moratorium Laws, provided:

" § 1077-cc. Notwithstanding any inconsistent provisions of this act or of any other general or special law, the rate of interest upon any loan, indebtedness, bond, extension agreement, collateral bond, or other evidence of indebtedness or liability, if the indebtedness originated or was originally contracted for simultaneously with a mortgage upon real property and is secured solely by such mortgage, shall not be increased by reason of the maturity of such obligation during the emergency period as defined in section ten hundred seventy-seven-g of this act, but shall continue after such maturity at the rate specified in such obligation or any agreement reducing such rate until the expiration of such emergency period." By the amendment of 1937 the words " or any agreement reducing such rate " were omitted.

The facts are as follows: On December 29, 1930, defendant Charles J. Fay executed his bond for $30,000, payable in three years to the Bond and Mortgage Guarantee Company, with interest at the rate of six per cent per annum. As collateral security for the payment of this indebtedness, Fay and his wife executed and delivered to the obligee a mortgage on real property at Dongan Hills, Richmond county, together with all fixtures and articles of personal property then or thereafter to be attached to or used in connection with the premises. On January 22, 1931, the bond and mortgage were assigned to the Title Guarantee and Trust Company. On March 13, 1934, the mortgage debt was reduced by the payment of the sum of $10,000, and " in consideration of such payment " the Title Guarantee and Trust Company — the then record holder of the bond and mortgage — made an agreement with Fay extending the payment of the $20,000 then due to December 29, 1936, provided Fay meanwhile paid interest at the rate of four and three-quarters per centum per annum from January 1, 1934, and " complied with all the other terms of said bond and mortgage as thereby modified." On March 1, 1937, the principal was reduced to $17,733, and on July 1, 1937, it was further reduced to $9,733. Interest on the unpaid principal at the rate of four and three-quarters per cent was paid and accepted

from March 13, 1934, to April 1, 1937. On January 1, 1938, interest from September 30, 1937, to December 31, 1937, was paid and accepted at the rate of four and three-quarters per cent, without prejudice to the plaintiff's right to demand interest on the unpaid principal at the rate of six per cent. The question for determination is: What is the rate of interest payable on and after September 30, 1937?

Plaintiff contends it is six per centum and defendants claim it is four and three-quarters per centum. Plaintiff, while conceding that the statute, as it existed prior to the amendment, would defeat its contention, argues that, because of the amendment, the provisions of the bond and mortgage relating to the rate of interest, and not the provisions of the extension agreement, are controlling. We think not. In the instant case not only was the mortgage extended and the rate of interest reduced, but the consideration for the extension agreement was the reduction of the mortgaged debt by the payment of $10,000. " The extension of the time of payment, if binding, has the effect in equity of modifying the original condition of the mortgage to the same extent as if the terms of the new agreement were incorporated into the condition." (2 Jones on Mortgages [8th ed.], § 1523, and cases cited.)

This view makes it unnecessary to determine whether any change was contemplated by the amendment to the statute in so far as extension agreements were concerned, although they were included both in the statute and the amendment.

The defendants are not in default in the performance of the terms of the bond, mortgage and extension agreement.

The submitted controversy should be determined in favor of the defendants and judgment dismissing the action directed to be entered, without costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ.

Submitted controversy unanimously determined in favor of defendants and judgment dismissing the action directed to be entered, without costs.