M. & M. R. REALTY CORPORATION, Plaintiff, *v.* MORTGAGE COMMISSION OF THE STATE OF NEW YORK and MORTGAGE COMMISSION SERVICING CORPORATION, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, December 21, 1939.

*Krakower & Peters* [*Charles C. Peters* of counsel], for the plaintiff.

*Edward F. Keenan* [*Irving H. Jurow* of counsel], for the Superintendent of Insurance of the State of New York, as successor to the defendant Mortgage Commission of the State of New York.

GENUNG, J. The plaintiff is entitled to judgment. The bond and mortgage were executed on September 17, 1924, bearing interest at the rate of six per cent per annum. That mortgage matured on May 1, 1930, and on September 23, 1935, was extended to September 23, 1938, with interest at the rate of five per cent per annum for that period, the obligor on the extension agreement being a grantee of the original bondsman.

The plaintiff acquired the property subject to the bond and mortgage as extended. When the plaintiff desired to refinance in February of 1939, the defendant demanded interest at the rate of six per cent. The plaintiff claimed that defendant was entitled to interest only at the rate of five per cent, paid the difference under protest, and brought this action to recover the difference of one per cent.

The question, therefore, is what rate of interest was payable from September 23, 1938, the expiration date of the extension agreement, to March, 1939, when the payment was made.

Under section 1077-cc of the Civil Practice Act, enacted in 1934 and amended in 1937, it appears that the Legislature, as part of the general moratorium statutes, prohibited the increase of the rate of interest by reason of the maturity of a mortgage obligation during the emergency period.

The amendment of 1937, omitting the words " or any agreement reducing such rate," could not have been intended to create a distinction between the maturity date of a bond and mortgage and the maturity date of a duly executed extension agreement on a bond and mortgage. The extension agreement takes the place of the original bond and provides, among other things, " that when the terms of said bond and mortgage in any way conflict with the

terms and provisions of this agreement, the terms and provisions of this agreement shall prevail."

The date of maturity, therefore, was fixed by the parties as September 23, 1938, and the rate of interest was fixed at five per cent per annum, so that when the mortgage matured the interest rate was not increased by reason of the maturity. (*Mortgage Commission* v. *Fay*, 255 App. Div. 622; affd., 281 N. Y. 637.)

The defendant relies upon the case of *Bell* v. *Chase National Bank* (N. Y. L. J. Jan. 17, 1939, p. 247; Id. Feb. 17, 1939, p. 768.) That case was affirmed in the Appellate Division by a divided court on November 17, 1939. (258 App. Div. 786.) In that case, however, the extension agreement provided that the bond and mortgage shall bear no interest during the extended term, which clearly differentiates that case from the instant case.

The defendant further relies on the case of *Manufacturers Trust Co.* v. *Reid Holding Co.* (N. Y. L. J. Oct. 7, 1939, p. 1028), and the defendant says that the facts in that case " are identical with those in the case at bar." In that case the learned judge at Special Term held that at the expiration date of the extension agreement the rate called for in the original obligation became again effective. The decision in *Manufacturers Trust Co.* v. *Reid Holding Co.* was modified by the Appellate Division in the Second Department (258 App. Div. 915) by reducing the award of interest to the rate provided for in the extension agreement. That case presents a statement of facts that substantially quadrate with the admitted allegations herein and hence the plaintiff's motion for summary judgment is granted and the defendant's cross-motion for summary judgment is denied.