In the Matter of the Application of THE MORTGAGE CORPORATION OF NEW YORK, as Trustee of a Certain Mortgage Affecting Property Situate in the County of Bronx, State of New York, and Known as 1290 Grand Concourse, Borough of Bronx, City of New York, Petitioner, Appellant, for an Order Directing the Payment of Surplus Income of Said Property to Apply Toward the Reduction of Any Past Due Principal of Said Mortgage or Permitting Foreclosure of Said Mortgage, Pursuant to the Provisions of Section 1077-c of the Civil Practice Act.

MARIE OHLBAUM and Others, Respondents.

First Department, April 10, 1942.

*Clarence A. Meeker* of counsel [*Newman & Bisco*, attorneys], for the appellant.

*Arnold Gross*, for the respondents.

CALLAHAN, J. Section 1077-c of the Civil Practice Act, which is one of the mortgage moratorium statutes, provides, in substance, that where the principal sum of a mortgage is past due, the mortgagee may apply to a court in which a foreclosure action might be brought, for an order directing the payment on account of such principal, of any surplus of income derived from the mortgaged property over taxes, interest and carrying charges due thereon. The section requires the court to ascertain the amount of the surplus, and to order " such surplus or such part thereof as the court may determine " paid to the mortgagee.

Here $161,800 principal was due and unpaid on petitioner's mortgage. The ascertained surplus of income over expenses was $3,073.77. Special Term directed the payment of only $2,000 of said surplus to the mortgagee, and permitted the mortgagors to retain the balance of $1,073.77. There was no claim made by the mortgagors that they required any part of the surplus to meet prospective taxes, expenses or carrying charges, or otherwise to maintain the property or to fulfill the requirements of the mortgage. The mortgagors asked to be permitted to retain part of the surplus for the sole reason that they felt they were entitled to compensation for their efforts in preserving and economically managing the property.

Upon the facts thus presented we find that Special Term was not warranted in exercising its discretion so as to allow the mortgagors to retain a part of the ascertained surplus.

We construe section 1077-c of the Civil Practice Act to require the court to direct payment of all the ascertained surplus in reduction of the mortgage debt, unless it shall appear upon the application that the mortgagor should be allowed to retain a portion of the surplus to meet prospective expenses, taxes, interest or carrying charges, or to maintain or preserve the mortgaged property.

Considering the objects of the moratorium laws as a whole, it appears that these statutes were not intended to relieve the mortgagor of the obligation to pay the mortgage debt. They merely suspended certain remedies, but did not attempt to impair contractual rights. (*Royal Court Realty Co., Inc.*, v. *Thomas*, 259 App. Div. 313.) The public emergency declared by the Legislature (See Laws of 1933, chap. 793) as a reason for passing the moratorium statutes, was the abnormal disruption of economic and financial conditions, and the abnormal deflation of real property values. The provisions of section 1077-c, which were complementary to the sections providing for a moratorium, were aimed to permit the mortgagee to obtain the surplus produced by the property above the charges specified in the section. The provision in the section that the court might determine the amount of the surplus to be applied was not intended to permit the mortgagor a return on his equity before discharging his contractual obligation to pay the mortgage debt.

The order so far as appealed from should be modified by increasing the amount payable to petitioner from $2,000 to $3,073.77, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., and TOWNLEY, J., concur; DORE and COHN, JJ., dissent and vote to affirm.

DORE, J. (dissenting). The issue is the proper construction and interpretation of that part of section 1077-c of the Civil Practice Act which permits the court to make an order directing payment of the " surplus or such part thereof as the court may determine to the mortgagee to apply toward the reduction of any past due principal." It is now said that means the court must direct payment to the mortgagee of *all* surplus in any application unless part is necessary for prospective expenses, taxes, interest or carrying charges, or for the maintenance and preservation of the mortgaged property. The statute itself contains no such restriction upon the exercise of the court's judgment in determining what part of the surplus shall be paid. If it was the Legislature's intention so to restrict the court's judgment, it would have been easy to have done so.

The purpose of the statute was not to give either the mortgagor or the mortgagee any unfair advantage but to afford some measure of relief to diligent mortgagees without unduly oppressing the owner of the mortgaged premises. (*Matter of Mortgage Corp.* v. *Menan Realty Corp.*, 258 App. Div. 429, 431; *Matter of Mortgage Commission* v. *Muller Paper Goods Co.*, 256 id. 301.)

There have been three previous payments of surplus pursuant to applications herein under section 1077-c. In March, 1940, of an established surplus of $3,113.50, $1,700 was directed to be paid; on July 31, 1940, of an established surplus of $2,913.99, $1,300 was directed to be paid; and on March 5, 1941, of an established surplus of $2,812.28, $1,200 was directed to be paid to the mortgagee. On this, the fourth application, Special Term directed payment to the mortgagee of $2,000 of an ascertained surplus of $3,073.77.

For the restriction about to be made on the court's judgment there is not only no warrant in the statute but we think there is none in reason, justice or equity that should control. At the outset it should be noted that the six months' period may be arbitrarily chosen by the mortgagee. The parties are in equity and the court, in determining what balance of the surplus should presently be paid over peremptorily, may consider not merely the items which the majority opinion mentions, though of course such items must be considered, but may make its determination upon an equitable consideration of all the circumstances in the case including prior amortization payments, the security presently available for the mortgagee, the possibility of reduction in rentals or increase in vacancies, future repairs and replacements, other unusual expenditures, the degree of preservation and careful management of the property by the owner, and any and all other factors relevant to affording proper relief to the mortgagee without unduly opressing the owner. This appears to be the uniform course of decisions of the various justices at Special Term as is indicated by the prior applications herein. (See, also, *Matter of Central Hanover Bank* v. *42 Broadway Realty Corp.*, 172 Misc. 606; *Mortgage Corp. of New York* v. *E. G. R. Realty Corp.*, N. Y. L. J. June 5, 1939, p. 2591, LOCKWOOD, J.)

The present owners of the premises have managed the property efficiently and economically, have kept it in excellent repair, installed a new roof and made other considerable replacements and have also made substantial payments in reduction of the principal sum due. Interest and taxes have been paid promptly or doubtless this vigilant mortgagee would have foreclosed.

No surplus ever exists until after all current requirements of operation and maintenance have been met. If the majority limitations prevail, there will be afforded to overvigilant mortgagees the opportunity to demand the last ounce of current surplus every six months and strip the owner of his equitable right to have a fair and reasonable portion of it retained for the purposes hereinabove indicated. In any event, managing real estate such as the building in question necessarily involves some prospective expense

for repairs and other carrying charges. Considering all the facts and circumstances in the case, we cannot say that the Special Term erred in not directing that the entire surplus be turned over to the mortgagee.

For the reasons stated we vote to affirm the order appealed from, with twenty dollars costs and disbursements.

COHN, J., concurs.

Order, so far as appealed from, modified by increasing the amount payable to petitioner from $2,000 to $3,073.77, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.