In the Matter of the Application of UNIQUE OPERATING COMPANY, INC., Petitioner, Appellant, for an Order Directing ANTILLEAN HOLDING CO., INC., Respondent, to Produce and Make Available All Records and Other Data with Respect to Income and Disbursements, and for an Order Directing Payment of Surplus Income to Unique Operating Company, Inc., to Apply Towards the Reduction of Past Due Principal of the Mortgage Covering Premises Located at 167 West 145th Street, Manhattan, New York City, Owned by Said Antillean Holding Co., Inc., Pursuant to Section 1077-c of the Civil Practice Act.

First Department, April 10, 1942.

*Anthony J. Romagna* of counsel [*Arthur H. Printz* with him on the brief; *Anthony J. Romagna*, attorney], for the appellant.

*Harry K. Ebenstein* of counsel [*Benjamin M. Levy*, attorney], for the respondent.

CALLAHAN, J. The situation presented upon the present appeal is somewhat similar to that found in *Matter of Mortgage Corporation of New York (Ohlbaum)* (263 App. Div. 627), decided herewith. In the present case the petitioner is the holder of a second mortgage upon which the principal sum of $9,000 is past due. The mortgagor has been voluntarily paying $500 each to the first and second mortgagees on account of the principal of their respective mortgages during each six months' period. Special Term fixed the surplus of income produced by the property over the expenses at $1,339.89, after giving credit as a disbursement for the amortization payments referred to above. However, the court required the mortgagor to pay only $500 of the ascertained surplus to the second mortgagee.

Special Term correctly determined the legal questions raised concerning the propriety of certain items involved in the account, and the amount of the surplus was properly ascertained. Special Term erred, however, in directing payment of less than the whole surplus.

The owner-mortgagor is a stock corporation with 167 stockholders. The sole basis upon which Special Term permitted the mortgagor to retain part of the surplus was that the mortgagor required this amount to pay dividends to its stockholders.

Our views concerning the proper construction to be placed on section 1077-c of the Civil Practice Act are set forth in *Matter of Mortgage Corporation of New York (Ohlbaum) (supra)*. Applying those views here, we find that the provision in the order allowing a part of the surplus to be retained by the mortgagor to pay dividends was unwarranted.

The fact that voluntary amortization payments have been made would not alter the rule to be applied. If these payments had not been made, the amount of the surplus would have been increased

accordingly. No claim is made of any agreement by the second mortgagee to waive its rights to the surplus.

The fact that the first mortgagee might have obtained all of the surplus if it had sought to do so, is immaterial. That creditor apparently has seen fit to forego its statutory rights. The second mortgagee was properly entitled to all of the surplus under the circumstances. (*Matter of Schulman* v. *Silver*, 257 App. Div. 391.) The order should be modified to the extent of increasing the amount directed to be paid to the second mortgagee from $500 to $1,339.89, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., and TOWNLEY, J., concur; DORE and COHN, JJ., dissent and vote to affirm.

DORE, J. (dissenting). For the reasons stated in the dissenting opinion in *Matter of Mortgage Corporation of New York* (*Ohlbaum*) (263 App. Div. 627), decided herewith, we dissent and vote to affirm. In this case the owner has been voluntarily paying to this petitioner, a second mortgagee, the sum of $1,000 a year in reduction of the principal of its second mortgage, which has been reduced from $22,000 to $9,000 by prior amortization payments. The $63,000 first mortgage has been reduced to $45,250. The respondents have a very substantial equity in the property. Extensive improvements have been made. The property has been economically managed and kept in excellent condition. Petitioner's second mortgage, drawing interest at six per cent, would seem to be amply protected.

While we think the Special Term properly denied the owner's application that the entire surplus should be retained so as to pay dividends to the stockholders, for the reasons stated in *Matter of Mortgage Corporation of New York* (*Ohlbaum*) (*supra*), and on all the facts disclosed, we cannot say that the learned Special Term abused his discretion in directing payment of $500 to the second mortgagee instead of the whole surplus of $1,339.89.

The order appealed from should in all respects be affirmed, with twenty dollars costs and disbursements.

COHN, J., concurs.

Order modified to the extent of increasing the amount directed to be paid to the second mortgagee from $500 to $1,339.89, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.