Van Voorhis, J.
The order granting plaintiff summary judgment and denying the defendant’s' cross motion for summary judgment should be reversed, plaintiff’s motion for summary judgment denied and defendant’s cross motion granted ' and the complaint dismissed. Defendant-appellant was entitled to interest at the rate of 6% for the period provided for at that rate in the extension agreement of the bond and mortgage, entered into on January 6, 1941. Brighton Operating Corp. v. Morrison (291 N. Y. 6) is distinguishable in that it concerned the interest rate after the extension agreement involved therein had expired. In Metropolitan, Savings Bank v. Tuttle (290 *101 N. Y. 497), the court said at p. 500: “ Concededly there was no extension agreement* ever made * * In Mortgage Commission v. Fay (255 App. Div. 622, affd. 281 N. Y. 637), the court quoted from Jones on Mortgages (Vol. 2, 8th ed., § 1523) as follows: “ The extension of the time of payment, if binding, has the effect in equity of modifying the original condition of the mortgage to the same extent as if the terms of the new agreement were incorporated into the condition.” Section 1077-cc of the Civil Practice Act is, consequently, inapplicable since it relates to the interest rate after maturity, whereas the extension period in this case had not expired. Section 1077-cc was made inapplicable to extension agreements made after July 1, 1937, by section 1077-g. The mortgagor was not compelled to sign an extension agreement, but, if he did not choose to rely upon the continuance of the moratorium, he was required to pay the stipulated interest rate for the period of the extension.
Martin, P. J., Cohn, Callahan and Peck, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, plaintiff’s motion for summary judgment denied and defendant’s cross motion granted and the complaint dismissed.