FEDERATION BANK AND TRUST COMPANY, Plaintiff, *v.* ANDREW JACKSON APARTMENTS, INC., and Another, Defendants.

Supreme Court, Special Term, Queens County, May 11, 1938.

*Schreiber, Buchter & Rathheim* [*Benjamin F. Schreiber* and *Sidney Abrams* of counsel], for the plaintiff.

*Henry S. Mansfield,* for the defendant Andrew Jackson Apartments, Inc.

HALLINAN, J. Motion (1) by the defendant Andrew Jackson Apartments, Inc., for an order dismissing the complaint and discontinuing the action to foreclose, upon the payment by said defendant to the plaintiff, of an installment of principal due January 15, 1938, plus plaintiff's taxable costs and disbursements; (2) by the plaintiff for summary judgment and an interlocutory judgment of foreclosure.

(1) The mortgage involved was executed and delivered on the 15th of January, 1936. There was a default in the payment of an installment of principal due January 15, 1938. The moving defendant relies upon the provisions of section 1077-g of the Civil Practice Act as justification for its motion, claiming that said section applies to a bond and mortgage executed *after* July 1, 1932. This section is part of the Mortgage Moratorium Act which was enacted under chapter 793 of the Laws of 1933, and added sections 1077-a to 1077-g inclusive, to the Civil Practice Act.

Originally this section merely provided for the duration of the emergency, and listed the class of mortgages not affected by the Mortgage Moratorium Act. It specifically excluded from the provisions of said Act " any mortgage dated on or after July first nineteen hundred thirty-two " or " any obligations in connection with or secured by any such mortgages."

By chapter 714 of the Laws of 1937, this section was amended in the following material respects:

(A) It excluded from the application of the Moratorium Act not only certain mortgages specified in said section, but also " the modification or extension " of such mortgages.

(B) It excluded from the application of the Moratorium Act " any installments or amortization of principal, the payment of which is provided for by extension or modification executed on or after July 1, 1937, nor to the mortgages so extended or modified, nor to any obligations in connection with or secured by such mortgages." In other words, any mortgage executed prior to July 1, 1932, as to which amortization payments are provided by a modification or extension agreement executed on or after July 1, 1937, is not entitled to the benefits of the Mortgage Moratorium Act in the event the owner of the property defaults in the payment of the installments thus agreed upon, and for failure to make such payments the mortgagee has the right to foreclose.

(C) As to the final payment of principal of mortgages so extended or modified (as discussed in Subdivision " B ") the Moratorium Laws do apply if the intermediate installments agreed upon in the extension or modification agreement are paid. The appropriate language of the amendment in this respect is as follows:

" Shall apply to the final payment of principal of the mortgages so extended or modified if all installments or amortization the payment of which is provided for by such extension or modification are made as provided for by such extension or modification."

(D) To afford the property owner who entered into an extension or modification agreement (as discussed in Subdivision " B ") an opportunity to comply with such agreement, though he had defaulted in making the amortization payment therein provided for, after an action to foreclose has been commenced for failure to make said payment, the following provision was added in the amendment of section 1077-g:

" In any action or proceeding for the foreclosure of a mortgage on real property or any interest therein or in any foreclosure under Article seventeen of the Real Property Law instituted by reason of default in the payment of installment or amortization the payment of which is provided for by such extension or modification, if such action or proceeding has not proceeded to final judgment directing the sale of the mortgaged premises, then such action shall be dismissed and discontinued upon the payment by any defendant to the plaintiff of the taxable costs and disbursements, and the payments of such installment or amortization in default and the remedying of any other default under the terms of such mortgage or extension or modification."

Thus the principal amendment of this section deals with extension or modification agreements executed on or after July 1, 1937, providing for installments of principal or amortization in connection with mortgages originally executed prior to July 1, 1932.

The moving defendant, contends, however, that it was intended by this amendment to give owners of property under foreclosure, no matter when the mortgage was executed, the same relief which is afforded by section 1077-e of the Civil Practice Act in respect to mortgages protected by the Moratorium Laws. It cites as authority for this contention the opening words of the second paragraph of the amended section 1077-g: " In any action or proceeding for the foreclosure of a mortgage on real property."

The argument is advanced that the words " In any action " are broad and all-embracing, and connote no limitation as to the mortgages to which the provisions thereof are intended to apply.

In this it is mistaken. It has disassociated the introductory clause from the rest of the sentence. No attention is paid to the qualifying phrase which immediately follows, which specifically identifies the mortgages as those upon which foreclosure has been " instituted by reason of default in the payment of installment or amortization, the payment of which is provided for by such extension or modification."

Obviously this refers to a mortgage which has been modified or extended, as provided in the preceding part of the amendment, to wit, an extension or modification executed on or after July 1, 1937, which provides for amortization payments. (See discussion under Subdivision " B " hereof.)

In the instant case there has been no extension or modification providing for amortization, executed on or after July 1, 1937, or at any time. Here we are dealing with a mortgage which was executed January 15, 1936, as to which the Moratorium Laws can have no application.

The motion of the defendant Andrew Jackson Apartments, Inc. to dismiss the complaint and for a discontinuance of the action, is therefore denied.

(2) Plaintiff's motion for summary judgment and an interlocutory judgment of foreclosure, is denied.

This action is based upon the default of the defendant Andrew Jackson Apartments, Inc. in failing to pay the $837.50 installment of principal which was due January 15, 1938, after the lapse of the ten day grace period provided for in the mortgage executed January 15, 1936.

The answer affirmatively pleads the defense of equitable estoppel, in that prior to the due date of the said installment of principal.

the plaintiff, through one of its officers, led the defendant into the belief that it would not press for immediate payment of the said installment and that it would hold off at least until a requested statement of operations was furnished; that if the defendant had not been so lulled into a false sense of security, it could have made arrangements to make this payment.

I am of opinion that the facts pleaded, if true, constitute a good defense of equitable estoppel.

As said in *Thomson* v. *Poor*, 147 N. Y. 402, 409: " We know of no principal of law which will 'permit a party to a contract, who is entitled to demand the performance by the other party of some act within a specified time and who has consented to the postponement of the performance to a time subsequent to that fixed by the contract, and where the other party has acted upon such consent and in reliance thereon has permitted the contract time to pass without performance, to subsequently recall such consent and treat the non-performance within the original time as a breach of the contract. The original contract is not changed by such waiver, but it stands as an answer to the other party who seeks to recover damages for non-performance induced by an unrecalled consent."

But the truth of the facts pleaded as equitable estoppel are denied by the plaintiff, through its officers, the person alleged to have had the conversation, however, with the defendant, having in the meantime passed away.

I am of opinion that whether the conversation occurred and whether the defendant was induced to default thereby, relying on such conversation, are questions of fact which properly must be submitted to trial rather than summarily disposed of under rule 113 of the Rules of Civil Practice.

Submit order.

Opinion on reargument of motion for summary judgment, June 14, 1938.

Upon a reconsideration of the papers submitted on the original application, it appears that the principal affidavit in opposition, that of Alexander J. Graydon does not support or authenticate the affirmative matter pleaded in the answer by way of defense. Nowhere in said affidavit is there any statement which would indicate that the plaintiff agreed or even committed itself not to press for payment. No claim is made that Mr. Munholland, in behalf of the plaintiff, said that his company would wait or that payment might be delayed until the alleged operating statement was furnished.

Moreover, even if a commitment or agreement could be inferred from the papers, there can be no question that it was without con-

sideration, and, under the authorities, could be retracted at any time before performance was due. (*Thomson* v. *Poor*, 147 N. Y. 402, 409; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447, 452.) The plaintiff could " change his mind again and revert to his agreement." (*Imperator Realty Co.* v. *Tull*, Id., p. 457.)

Thus in the instant case the affidavit submitted in opposition by the defendant's officer, Graydon, (page 4 thereof) states that *after* the alleged conference with Munholland, at which the promise to wait is supposed to have been made, he received a letter from the Bank, as follows:

" In connection with the mortgage on the premises as per the above caption, we respectfully call your attention to the non-payment of amortization in the amount of $837.50, due and payable as of January 15, 1938.

" In accord with the terms of the mortgage there is a 10 day default. Therefore, this amount should be paid on or before January 25, 1938."

There can be no question, from the tenor of this letter, that the plaintiff was insisting upon payment in accordance with its bond and mortgage, rather than waiving or forbearing. No estoppel could therefore result.

Under all these circumstances the defendant has not established that there are issues of fact to be tried, or that it has a defense to the plaintiff's cause of action.

The argument of the defendant that the court should relieve it from the penalty of the acceleration of the due date of the balance of the principal, is best answered in the words of Judge O'BRIEN, in *Graf* v. *Hope Building Corp.*, 254 N. Y. 1, 4, wherein he said:

" Plaintiffs may be ungenerous, but generosity is a voluntary attribute and cannot be enforced even by a chancellor. Forbearance is a quality which under the circumstances of this case is likewise free from coercion."

Motion granted. Submit order and judgment in accordance.