LILLIAN L. HAMMOND and Others, as Successor Trustees of Trust Estate 29-E of the WESTCHESTER TITLE & TRUST COMPANY under Declaration of Trust Dated March 20th, 1936, Respondents, v. LAWRENCE INVESTING COMPANY, INC., and Others, Appellants.— In an action to recover payment of the balance of interest on a mortgage, being the difference between that paid at the rate of four and one-half per cent per annum and a claimed existent rate of six per cent per annum, in accordance with a provision in an extension agreement that in the event of default interest shall be payable at the rate of six per cent rather than at the rate of four and one-half per cent, as fixed in the agreement, order denying motion of defendants to dismiss the complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days from the entry of the order hereon. In our opinion, section 1077-cc of the Civil Practice Act does not contemplate or affect the validity of the mortgage extension agreement dated May 1, 1935, in that part thereof which fixes the interest payable on the mortgage during the period of the extension at the rate of four and one-half per cent per annum, with the express proviso, however, " that in the event of any default in the performance of the provisions of the bond and mortgage as herein modified, the above provisions requiring interest at the rate of four and one-half per cent per annum shall become null and void and the party of the second part shall immediately pay the balance of interest then due at the original rate of six per cent per annum from May 1, 1935, and shall thereafter pay interest at said original rate of six per cent per annum from date of such default in accordance with the provisions of the bond and mortgage." The principal of the mortgage was not paid at its maturity as fixed by the extension agreement. In the factual situation presented by the pleadings, six per cent is, as matter of law, the rate " specified in such obligation " within the purview of section 1077-cc. It is clear that the parties to the extension agreement could have agreed in a valid way that six per cent per annum should be the interest payable during the extension period. Instead, with equal validity, they agreed to four and one-half per cent with the proviso mentioned for the restoration to six per cent. The agreement does not increase the interest from four and one-half per cent to six per cent because of the maturity of the obligation. It merely in effect restores the interest to six per cent by virtue of the owner's agreement to perform the provision of the bond and mortgage requiring the payment of the principal sum upon the due date of that principal as extended by the agreement; and its failure thus to pay that principal. The complaint states facts sufficient to constitute a cause of action. (*Royal Court Realty Co., Inc.*, v. *Thomas*, 259 App. Div. 313, and cases cited; see, also, *Brighton Operating Corp.* v. *Morrison*, *ante*, p. 895, decided herewith.) The questioned clause in the extension agreement in no respect constitutes a waiver prohibited by section 1077-d of the Civil Practice Act. Lazansky, P. J., Taylor and Close, JJ., concur; Hagarty, J., with

whom Adel, J., concurs, dissents and votes to reverse on the law the order denying motion of defendants to dismiss the complaint for insufficiency, and to grant the motion. The extension agreement reduced the interest rate and fixed it at four and one-half per cent. It provided that in the event of default the' interest rate should revert to six per cent. The default which is claimed to result in the increase of the rate of interest to six per cent is that the principal sum was not paid at maturity of the obligation. Section 1077-cc of the Civil Practice Act expressly provides that the rate of interest set forth in the agreement " * * * shall not be increased by reason of the maturity of such obligation * * *." (See *Title Guarantee & Trust Co.* v. *2846 Briggs Ave.*, 283 N. Y. 512.) The claim of the plaintiffs, therefore, is squarely violative of this statute, the provisions of which cannot be waived by any agreement to the contrary. (Civ. Prac. Act, § 1077-d.)