PAUL P. GETTINGER et al., Doing Business under the Name of THREE G HOLDING COMPANY, Plaintiffs, *v.* STORPER REALTY COMPANY, INC., Defendant.

Supreme Court, Special Term, Bronx County, April 29, 1944.

*Gettinger & Gettinger* for plaintiffs.

*Rosenblum & Hein* for defendant.

SHIENTAG, J. Plaintiffs move for judgment on the pleadings under rule 112 of the Rules of Civil Practice in an action for a declaratory judgment. Defendant, by way of cross motion, seeks similar relief.

The facts are conceded. On September 22, 1927, the Trewalt Realty Corporation executed and delivered the instant mortgage to the New York Title and Mortgage Company as collateral security for its bond in the amount of $105,000, said mortgage covering the real estate and premises known as 1979 Daly Avenue, borough of The Bronx, city of New York. By the terms of the bond and mortgage, after the payment of interest at the rate of 6% and installments of principal as therein provided, the balance of principal became due on September 22, 1933. Thereafter, and until January, 1935, the obligation remained as an open mortgage.

On January 15, 1935, the mortgage was extended by agreement in writing to December 25, 1937, with interest in the meantime payable at the rate of 3½% per annum. On January 27, 1938, by written agreement the mortgage was again extended to December 20, 1940, with interest payable at the rate of 4% per annum. Thereafter, and on January 13, 1941, the Continental Bank and Trust Company of New York, the then owner and holder of said bond and mortgage as extended, and Storper Realty Company, Inc., the defendant herein and present owner of the mortgaged premises since July 15, 1932, entered into an agreement extending the due date of the mortgage then reduced to $86,907 to December 20, 1943, with interest payable at the rate of 4% per annum, quarterly, on January 1st, April 1st, July 1st and October 1st, and installments on principal payable quarterly on the interest dates in the amount of $600 or $2,400 per annum. All installments of interest and of principal, as provided in the extension agreement, have been paid in full. No agreement for further extensions was entered into between the parties.

On December 28, 1943, the defendant paid to the plaintiffs without prejudice to either of the parties herein, the sum of $803.07, representing three months' interest on the sum of $80,307, the amount remaining due at the rate of 4% per annum to January 1, 1944, and the sum of $200.77, representing an installment of principal for the three-month period from October 1, 1943, to January 1, 1944, at the rate of 1% per annum, as provided by section 1077-g of the Civil Practice Act.

Plaintiffs urge first that the defendant is not entitled to the benefit of a 4% rate of interest, unless it also pays on each

interest date the amortization payments of $600 provided in the extension agreement. In this contention plaintiffs err. The last extension agreement came to an end on the 20th day of December, 1943, when the principal of the mortgage became due. Thereafter the default was one in the payment of the entire principal debt. No default existed after December 20, 1943, as to any amortization payments of principal because provision for such payments were part and parcel of the extension agreement and did not survive the termination of that agreement. As the default was, therefore, one as to payment of the principal, the defendant is entitled to the protection of the provisions of sections 1077-g and 1077-cc of the Civil Practice Act, and the interest rate continued at 4% as fixed in the last extension agreement. (*Brighton Operating Corp.* v. *Morrison,* 291 N. Y. 6.) The rate of interest cannot be increased during the emergency period. (*Metropolitan Savings Bank* v. *Tuttle,* 290 N. Y. 497, 503.)

Plaintiffs also assert that they are entitled to foreclose the mortgage if the amortization payments are not maintained. By parity of reasoning, defendant is not required to make the amortization payment provided in the extension agreement. It is protected by the moratorium statutes, and the mortgagees may not maintain foreclosure. (*Federation Bank and Trust Co.* v. *Jackson Apartments, Inc.,* 168 Misc. 328, affd. 255 App. Div. 878.)

Finally, plaintiffs urge that if they are not entitled to the amortization payment allegedly due January 1, 1944, they should be allowed to take the surplus income under section 1077-c of the Civil Practice Act for the period from October 1, 1943, to December 31, 1943.

The plaintiffs under that section are entitled to the surplus income produced by the property during the last quarter of 1943 above the fixed amortization payments allowed in section 1077-c. As a basis for estimating this surplus, the plaintiffs may obtain a statement of the defendant's operations for the calendar year of 1943. Upon defendant's failure to comply, plaintiffs may prosecute a foreclosure action.

Settle judgment accordingly.