Ida Ginsburg, Plaintiff, *v.* Kingston Savings Bank, Defendant.

Supreme Court, Special Term, Bronx County, December 24, 1946.

*Herman S. Rosen* for plaintiff.

*Lorimer Denner* for defendant.

BENVENGA, J. On this motion and cross motion for summary judgment, the question presented involves the construction and application of section 1077-cc of the Civil Practice Act, which, so far as material, provides that the rate of interest upon any bond, extension agreement, or other evidence of indebtedness, shall not be increased " by reason of the maturity of such obligation " during the emergency period, but shall continue after such maturity at the rate specified in the obligation until the expiration thereof.

In December, 1925, the mortgage herein was executed. Thereafter, various extension agreements were entered into. The mortgage, and all the extension agreements, with the exception of those executed in October, 1936, and January, 1941, provided for the payment of interest at the rate of 6% per annum. The 1936 extension agreement stipulated for the payment of interest at the rate of 5½% per annum, provided there was no default in the amortization of principal; otherwise interest was to be at the rate of 6% per annum. The 1941 extension agreement stipulated for the payment of interest at the rate of 5% to July, 1945, and then at the rate of 6% to December, 1945, pro-

vided there was no default in amortization payments; otherwise interest was to be at the rate of 6% per annum.

. In December, 1945, the amount remaining unpaid on the mortgage, together with interest at 5½%, was tendered to the defendant-mortgagee. The defendant refused to accept interest at that rate; demanded interest at 6%, and interest at that rate was paid under protest. At that time there was no default in the payment of either interest or amortization of principal.

The question presented is whether the defendant, under the circumstances, is entitled to interest at 6%, in accordance with the provisions of the 1941 extension agreement.

Clearly, the purpose of the Mortgage Moratorium Act is to protect mortgagors against foreclosure on account of default in the payment of principal during the emergency period (see Civ. Prac. Act, §§ 1077-a, 1077-b), and to protect them against increases in the rate of interest during that period (Civ. Prac. Act, § 1077-cc). Indeed, any agreement or understanding whereby a mortgagor waives or agrees to waive the protection intended to be afforded by the statutes hereinabove referred to, is void and unenforcible (Civ. Prac. Act, § 1077-d). " The legislative purpose was to prevent foreclosures and the exaction of higher rates of interest during the emergency period. The Legislature undoubtedly intended that the legal rate of interest chargeable as damages for failure to pay the debt when due *was to be determined at the rate specified, in this instance, in the bond.* The rate *so specified* became the legal rate as damages during the emergency period. In other words, section 1077-cc established the interest rate allowed by statute as damages in the instances to which it was applicable." (*Metropolitan Savings Bank* v. *Tuttle,* 290 N. Y. 497, 504; see, also, *Title Guarantee & Trust Co.* v. *2846 Briggs Ave.,* 283 N. Y. 512, 517.)

Applying these principles to the factual situation here presented, it would seem to be clear that, inasmuch as the 5½% interest rate provided for in the 1936 extension agreement was conditioned on making the amortization payments, and inasmuch as there was no default in the making of such payments, the provision respecting the 6% interest rate never became effective; consequently, the rate could not thereafter be made higher than 5½% (see *Brighton Operating Corp.* v. *Morrison,* 291 N. Y. 6, 11–12; *Emdee Management Corp.* v. *Kaufman,* 293 N. Y. 916; *Gettinger* v. *Storper Realty Co.,* 183 Misc. 371, 373). Accordingly, while the 1941 extension agreement could provide for the reduced rate of 5½% interest for the whole or any limited period of the agreement, it could not stipulate for a higher rate of interest than 5½%.

In support of its argument that it is entitled to 6% interest, defendant relies upon *Hammond* v. *Lawrence Investing Co.* (262 App. Div. 900, affg. 20 N. Y. S. 2d 87). It is to be observed that this was a three-to-two decision of the Appellate Division. So was the decision in *Brighton Operating Corp.* v. *Morrison* (262 App. Div. 895), which was reversed by the Court of Appeals (291 N. Y. 6, *supra*). The same justices sat in both cases. The Court of Appeals accepted the views of the dissenting justices. The *Hammond* case (*supra*), therefore, must be deemed to have been overruled by the decision of the Court of Appeals in the *Brighton* case (*supra*).

The plaintiff, under the circumstances, is entitled to summary judgment. Settle order.