HELEN THOMPSON, an Infant, by LOTTIE C. THOMPSON, Her Guardian ad Litem, Respondent, Impleaded with Another, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants, and I. VICTOR BURGER, Appellant.

Argued January 16, 1939; decided February 28, 1939.

*Seymour Kempner* for appellant. As a matter of law there was no proof of negligence on the part of the principal. (*Peterson* v. *City of New York*, 267 N. Y. 204; *Curcio* v. *City of New York*, 275 N. Y. 20; *Fritz* v. *City of Buffalo*, 277 N. Y. 710; *Hamburger* v. *Cornell University*, 240 N. Y. 328; *Lessin* v. *Board of Education*, 247 N. Y. 503; *Garber* v. *Central School District No. 1*, 251 App. Div. 214; *Cambareri* v. *Board of Education*, 246 App. Div. 127.)

*Harry N. Rosenfield* and *Theodore Fred Kuper* for Joint Committee of Teachers Associations et al., *amici curiæ.* The principal fully discharged his duty of general supervision. (*Peterson* v. *City of New York*, 267 N. Y. 204; *Curcio* v. *City of New York*, 275 N. Y. 20; *Miller* v. *Board of Education*, 249 App. Div. 738; *Kerby* v. *Elk Grove Union High School District*, 1 Cal. App. [2d] 246; *Purkis* v. *Walthamstow Borough Council*, 151 Law Times, 30.)

*Michael H. Grae, Solomon R. Agar* and *Milton S. Klaw* for respondent. There was ample evidence to support the finding of fact that the principal was negligent in failing to promulgate adequate regulations for the safe discharge of the pupils. (*Frankenberger* v. *Schneller*, 258 N. Y. 270; *Metzroth* v. *City of New York*, 241 N. Y. 470; *Magid* v. *City of New York*, 234 App. Div. 38; 259 N. Y. 618; *Fritz* v. *City of Buffalo*, 277 N. Y. 710; *Faber* v. *City of New York*, 213 N. Y. 411; *Herman* v. *Board of Education*, 234 N. Y. 196; *Hamburger* v. *Cornell University*, 240 N. Y. 328; *Johnson* v. *Board of Education*, 210 App. Div. 723; *Katterschinsky* v. *Board of Education*, 215 App. Div. 695; *Lessin* v. *Board of Education*, 247 N. Y. 503; *Thurber* v. *Harlem Bridge*, 60 N. Y. 331; *Hays* v. *Miller*, 70 N. Y. 112; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604.) The failure of the principal to adopt a fair and reasonable degree of supervision and con-

trol was the direct and proximate cause of plaintiff's injuries. (*Thurber* v. *Harlem Bridge*, 60 N. Y. 331; *Frankenberger* v. *Schneller*, 258 N. Y. 270; *Metzroth* v. *City of New York*, 241 N. Y. 470; *World Exchange Bank* v. *Commercial Casualty Ins. Co.*, 255 N. Y. 1; *Williams* v. *Board of Trustees*, 210 App. Div. 161; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604; *Collentine* v. *City of New York*, 279 N. Y. 119.)

O'BRIEN, J.   Plaintiff, a girl fourteen years of age, was a pupil in a public school in New York city of which defendant Burger was principal.   While descending an outside stairway of the school with her class, which consisted of twenty-four or twenty-five children, and as she reached the third of fourth step from the yard, one of the boys in the class, running down the stairway, collided with her and caused her to fall and to sustain injury.   The complaint is based upon " defendant's negligence in allowing overcrowding to take place and to permit roughing by large boys, *wholly without any supervision whatsoever.*" The girls first descended the stairway and the boys followed, running down and passing the girls.   The Appellate Division, in affirming the judgment against this appellant, held that a question of fact was presented whether he was negligent in failing to promulgate more adequate regulations for the safety of the pupils.   The teacher who exercised direct supervision over this class at the time of the accident is the defendant Lorretta I. Delaney, concerning whom the Appellate Division holds: " There was no proof of negligence on the part of the teacher." (255 App. Div. 786).

Following is a summary of the evidence of supervision by appellant Burger: " A. *In supervising the teachers:* 1. He held regular conference with his 34 teachers.   Egress and ingress of pupils, dismissal of classes, and safety contrivances were discussed and rules were laid down.   Each conference lasted one hour; 2. He established the rule that the teacher was to see to the entire dismissal of her class; 3. He directed teachers to place themselves in ' strategic ' positions during

dismissals; 4. He instructed teachers, in the use of their discretion as to being in the lead, or in the middle or in the rear of the class, according to where she would find the greater control of the class; 5. He instructed teachers to admonish pupils against jostling and any other behavior not conducive to their safety. B. *In supervising the school as a whole:* He personally observed dismissals; 2. He regularly inspected the stairways and corridors; 3. He shut down stairways he found unsafe until repaired; 4. He directed the children to go down that stairway which gave prompest and safest egress; 5. He forbade the use of outer stairways in inclement weather; 6. He followed the general course of practice in all well regulated schools. C. *In supervising the class in which the plaintiff was a pupil:* 1. He placed a mature teacher of 29 years' experience in charge; 2. He limited this class to only 25 pupils whereas the other two classes in the same grade had 37 pupils each; 3. He modified the program of this class to avoid the loss of time because these pupils were behind in their studies, having missed work through absence, illness or change of school; 4. He provided, for this class, almost the private use of a stairway avoiding the heavy traffic on the common inside stairway. D. *In supervising the pupils:* 1. He personally admonished children whenever he saw any unruliness on exits talking to them in his own office; 2. He spoke to the teacher when he was not satisfied with the dismissal; 3. He sent for the parent to come to his office, whenever any child needed such cooperation."

There were about fifteen girls and nine boys in the class. Plaintiff testified that there was a double line of girls who first descended and the boys followed. The teacher, the defendant Miss Delaney, testified that she took the girls out to the first landing, looked over the rail of the landing and saw the head of the column reach the ground. Then she walked part way down with the boys who were going down in an orderly way. She noticed that one of the boys was missing and went back to get him. It was while she was thus temporarily absent that the accident occurred.

From the evidence in the case the fact seems certain that defendant Burger, the principal, exercised such general supervision as was possible. The teacher was competent and the court below absolved her from the charge of negligence. Appellant could not personally attend to each class at the same time, nor was any such duty imposed upon him. (*Peterson* v. *City of New York,* 267 N. Y. 204; *Curcio* v. *City of New York,* 275 N. Y. 20, 24.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.