BRIGHTON OPERATING CORP., Respondent, v. P. WALKER MORRISON and Others, as Trustees under a Declaration of Trust Dated the 27th Day of March, 1936, and a Plan of Reorganization for Series B-K Mortgage Investments Approved by an Order of the Supreme Court of the State of New York, Entered on the 19th day of December, 1935, Appellants.— In an action for declaratory judgment, order and judgment (one document) striking out three affirmative defenses pleaded in the answer, granting judgment on the pleadings in favor of the plaintiff for the relief demanded in the complaint and awarding other relief, reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs. This is a case for declaratory judgment in the discretion of the court. (See *New York Operators* v. *State Liquor Authority*, 285 N. Y. 272.) In our opinion, the order and judgment appealed from declares erroneously the rights of the plaintiff and defendants as to the interest payments provided for in the agreement, which extended, on certain terms, the payment of the mortgage for the period of three years until June 30, 1939. (*Royal Court Realty Co., Inc.*, v. *Thomas*, 259 App. Div. 313.) As matter of law, from and after that date, pursuant to the terms of that agreement, the defendants were entitled to interest at the rate of six per cent per annum on the unpaid balance of the mortgage, the respondent owner having failed to pay the balance of the principal due on that date. This circumstance, as matter of law, caused the interest payable thereon to revert to six per cent per annum by the terms of the extension agreement (ibid.), unaffected by the provisions of section 1077-cc of the Civil Practice Act (ibid.), which section does not contemplate the factual situation disclosed in the pleadings herein. By the terms of that agreement, in that situation, interest at the rate of six per cent per annum became, is, and will be, payable from the termination of the extension period during the emergency period as defined by section 1077-g of the Civil Practice Act. Such interest at the rate of six per cent per annum is the rate " specified in such obligation " (extension agreement), within the purview of section 1077-cc. Further, upon this record, the plaintiff is estopped from contending that the rate of the disputed interest is five per cent instead of six per cent per annum, for the reason that its predecessor in title took a deed of the fee subject to the mortgage bearing interest at the rate of six per cent per annum, and subsequently paid interest thereon at that rate. Our determination in *Klein* v. *Simons Mfg. Co.* (261 App. Div. 977; motion for leave to appeal to the Court of Appeals granted, 286 N. Y. 734, June 5, 1941), in the light of the factual situation there presented, is not in conflict with our determination herein. Lazansky, P. J., Taylor and Close, JJ., concur; Hagarty, J., with whom Adel, J., concurs, dissents and votes to affirm the order and judgment, with the following memorandum: In addition to the ground set forth in my dissenting memorandum in *Hammond* v. *Lawrence Investing Company, Inc.* (*post*, p. 900), decided herewith, I am of opinion that the interest rate fixed in the extension agreement at five per cent did not revert to the interest rate of six per cent set forth in the original bond and mortgage because the language of the extension agreement limits reversion to the six per cent rate only in the event of default of payment of a semi-annual installment of principal. There was no such default. If the general language of the agreement, to the effect that extension and modification resulted from agreement of the owner of the mortgaged premises to comply with all the terms thereof,

is to be construed as operative where the principal sum is not paid at maturity, then the entire agreement is rendered void. In the absence of a specific provision to that effect, it should not be so construed. Payment of interest after maturity at the rate of six per cent and any other acts which might be said to constitute waiver of the reduction of interest rate are without legal effect. (Civ. Prac. Act, § 1077-d.)