ROBERT BLUME, by His Guardian ad Litem, WILLIAM F. BLUME, Respondent, v. THE CITY OF NEWBURGH, Appellant, Impleaded with Another.— No evidence of any violation of duty on the part of the appellant that had any causal relation to the accident was shown. To cast appellant in damages under the facts of this case would be imposing upon the city a responsibility greater than reasonable caution requires. (*Thompson* v. *Board of Education*, 280 N. Y. 92; *Curcio* v. *City of New York*, 275 N. Y. 20; *Peterson* v. *City of New York*, 267 N. Y. 204; *Miller* v. *Board of Education, Union Free School Dist. No. 1, Town of Oyster Bay*, 249 App. Div. 738.) Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Close, J., dissents and votes to affirm the judgment, with the following memorandum: There was an issue for the jury as to appellant's negligence by reason of the fact that the person in charge of the playground permitted the slide to be subjected to a use for which it was never intended.

BRIGHTON OPERATING CORPORATION, Appellant, v. P. WALKER MORRISON et al., as Trustees, Respondents.— (*Brighton Operating Corp.* v. *Morrison*, 262 App. Div. 895.) Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Adel, J., concurs on the authority of *Brighton Operating Corp.* v. *Morrison* (*supra*) adhering, however, to the views he expressed in the dissenting memorandum in that case.

RENEE BROWN, Appellant, v. J. P. LOGAN REALTY COMPANY, INC., Respondent.— No opinion. Lazansky, P. J., Hagarty, Adel and Close, JJ., concur; Carswell, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: There were questions of fact for a jury as to whether or not defendant retained or exercised control of the stairway and hall and breached its duty to keep a proper light or lights therein.