LOUISE A. DOUGHERTY, an Infant, by WILLIAM J. DOUGHERTY, Her Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action by the infant plaintiff, a child of eight years, to recover damages for injuries suffered and by her father for expenses and loss of services, a verdict was rendered in favor of defendant. From the judgment entered thereon plaintiffs appeal. The infant plaintiff and her companion testified that while they were standing near the swings in a playground maintained by the city, an older boy, skating backwards, bumped into the infant, causing her to fall and seriously injuring her. In an effort to show that the infant was not injured in the manner claimed, defendant called two doctors attached to different hospitals where the infant was treated. These doctors were permitted to testify that when they received the history of the case they were told that the infant sustained her injury while she was roller skating, and they made an entry on the hospital records to that effect. One of the doctors said that the information was given to him by the mother in the presence of the infant. The other doctor said he could not remember whether he received the information from the mother or from the infant. In the absence of proof that the information was given to the doctors by the infant, the doctors' testimony was hearsay and it was error to receive it. The error was serious because the court instructed the jury that if the infant was injured in the manner disclosed by the hospital records, the verdict must be for the defendant. Nevertheless, the judgment must be affirmed because plaintiffs failed to establish any negligence on the part of the defendant or its employees which was the proximate cause of the infant's injuries. (*Blume* v. *City of Newburgh,* 265 App. Div. 965, affd. 291 N. Y. 739.) Judgment

affirmed, with costs. Johnston, Adel, Lewis and Aldrich, JJ., concur; Carswell, Acting P. J., dissents and votes to reverse and to grant a new trial, with the following memorandum: A jury found for the defendant on a record containing what is conceded to be prejudicial error. Hence, there should be a new trial if a question of fact exists in respect of liability. There is such a question in respect of negligence relating to supervision. On the plaintiffs' proof, there was no supervisor present when the accident happened, especially if it be assumed, as defendant claims, that the colored man to whom reference was made was not capable of acting as a supervisor. The defendant's proof is that there was a supervisor present. This raised a question of fact as to whether the accident happened under circumstances of fault due to the lack of proper supervision.