ETHEL S. H. PAOLANTONIO, an Infant, by Her Guardian ad Litem, WILLIAM C. HAMNER, et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant. — In an action to recover damages for personal injuries suffered by the infant plaintiff and by her father for loss of services, and medical expenses, there was a verdict for plaintiffs. Judgment, entered on the verdict, reversed on the law and the facts, with costs to appellant, and the complaint dismissed on the law, with costs. Appeal from the order denying motion to dismiss the complaint at the end of plaintiffs' case and at the end of the whole case, and denying motion to set aside verdict dismissed, without costs. Plaintiffs failed to make out a prima facie case. The infant plaintiff testified that while a passenger and sitting in one of defendant's railroad cars, "something" — she does not know what — hit her and then she heard glass break. Plaintiffs' position at the trial was that there was no proof that any glass hit the infant plaintiff, that she did not know what hit her, that she got the blow in the face, fell to the seat, and thereafter heard glass breaking. The infant's upper two front teeth were broken, her upper lip was lacerated, she had contusions on the right side of the face, and both eyes were blackened. Without proof what the "something" was that hit the infant, or that the "something" that hit her was within the exclusive control of defendant, there was no proof of negligence. The motions to dismiss made at the end of the plaintiffs' case and at the end of the whole case should have been granted. Defendant's explanation of the accident was that the glass broke because a stone was thrown from the outside against the window. If we did not reverse the judgment and dismiss the complaint for the reasons above stated, we would reverse the judgment and order a new trial on the ground that the verdict is against the weight of the credible evidence. As the letter written by the adult plaintiff (not a witness to the accident), to defendant, stating that the injuries which his daughter suffered were "caused by a rock or stone crashing through the glass of the window near her seat, striking her in the mouth, face and neck", was sought to be admitted solely in connection with the cause of action of the infant plaintiff, it was properly excluded. It could not be used as an admission by the infant. (*Dougherty* v. *City of New York*, 267 App. Div. 828, affd. 295 N. Y. 786; *Buffalo Loan, Trust & Safe Deposit Co.* v. *Knights Templar & Masonic Mut. Aid Assn.*, 126 N. Y. 450.) Had the letter been offered in connection with the father's cause of action, it would have been admissible despite the fact that the statement of the manner of the happening of the accident contained in the letter was pure hearsay, because the father made the statement as to the manner of the happening of the accident as a matter of fact, thereby adopting and indorsing what he had heard. (*Reed* v. *McCord*, 160 N. Y. 330, 340–341.) Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED FARINA, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Richmond, convicting defendant of the crime of violating section 974 of the Penal Law (possessing policy slips), unanimously affirmed. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.