In our opinion there was no causal relation between the absence of the teacher from the room and the happening of the accident. There is no proof upon which a finding that the teacher’s absence from the room was a proximate cause of the accident would be warranted. The proximate cause of the accident was the unforeseen act of the pupil who threw a lead pencil to another pupil. (May v. Board of Education, Union Free School Dist. No. 1, Town of Mamaroneck, 269 App. Div. 959, affd. 295 N. Y. 948; Wilber v. City of Binghamton, 271 App. Div. 402, 405, affd. 296 N. Y. 950; Peterson v. City of New York, 267 N. Y. 204, 206; Blume v. City of Newburgh, 265 App. Div. 965, affd. 291 N. Y. 739; Thompson v. Board of Education of City of N. Y., 280 N. Y. 92; Berner v. Board of Education, Union Free School Dist. No. 1, North Tonawanda, 286 N. Y. 174.) In any event a new trial would be granted because, in our opinion, the verdict is excessive. Nolan, P. J., Johnston, Sneed and Wenzel, JJ., concur; MaeCrate, J., dissents and votes to affirm.