Robert O. Brink, J.
The defendant through its attorneys has moved for an order dismissing plaintiff’s complaint on the ground that the plaintiff, seeking damages for personal injuries resulting from a defective sidewalk, failed to serve a written notice of the defective condition of the sidewalk upon the defendant before the accident, as required by a local law enacted in 1954 by the Trustees of the Village of Endicott. Such local law provides as follows: “ See. 341-a. Liability of village in *884 certain actions. No civil action shall be brought or maintained against the Village of Endicott for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or in consequence of the existence or accumulation of snow or ice upon any street, highway, bridge, culvert, sidewalk or crosswalk unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the Board of Trustees of the Village of Endicott and there had been a failure or neglect on the part of said Village to cause such condition to be corrected or such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice.
“ Section 2. Nothing herein contained, however, shall be held to revive any claim or cause of action now barred by any existing requirement or statute of limitations nor to waive any existing limitation now applicable to any claim or cause of action against the Village of Endicott.
“ Section 3. This local law shall take effect immediately.
“Adopted: October 11, 1954.”
It is conceded by the plaintiff that no such notice was served.
A similar local law enacted by the City of Schenectady has been held to be constitutional. (Fullerton v. City of Schenectady, 285 App. Div. 545, affd. 309 N. Y. 701.) Prior to 1954 the power to enact this type of local law was given villages having a population of 5,000 or more under section 16 of article IX of the Constitution of the State of New York and section 11 of the Village Home Buie Law of the State of New York.
If the cause of action alleged in plaintiff’s complaint rested on the failure of the defendant to inspect and maintain the sidewalk, there is no question but that the defendant would be entitled to the relief it seeks on this motion. However, plaintiff’s cause of action is not limited to the defective condition of the sidewalk at the time of the accident and is not based on defendant’s failure to maintain the sidewalk. The complaint contains the following allegations: “5. That prior to the 15th day of September, 1955, the defendant constructed the sidewalk in front of 1002 Monroe Street directly on top of the roots of a live and growing tree knowing and disregarding the fact that said tree could not help but to gradually elevate one cement block above the others in the normal course of growing; that thereafter the roots of said tree did elevate one cement block above the other several inches; that thereafter the defendant, its agents, servants or employees made this dangerous condition *885 worse by erecting street lights in such a manner as to cast a shadoAv over the existing dangerous condition thereby creating a trap; that thereafter and still prior to September 15th, 1955, the defendant, its agents, servants or employees made this dangerous condition even worse by constructing an asphalt ramp in an attempt to connect the uneven surfaces of the two adjacent blocks. That the defendant, its agents, servants or employees constructed this said ramp in such a negligent and dangerous manner that it added to the peril of the traveler thereon. That after constructing and creating this dangerous condition aforesaid, the defendant permitted this condition to remain and permitted the block to raise more and more above its adjacent block. That defendant, its agents, servants or employees had actual knowledge of all of the above by virtue of numerous oral complaints from surrounding property owners to the Village Police, the Corporation Counsel’s office and the office of the Commissioner of Public Works and other village employees and officials.”
In the opinion of this court, the complaint alleges affirmative acts of active negligence sufficient at least to raise an issue of fact as to whether the defendant actually installed, constructed and created a hazard by reason of which it became a tortfeasor. Under these circumstances, the courts of this State have quite generally held that statutes requiring the service of notice do not apply and that the service of such notice is not a condition precedent to liability. (Wilson v. City of Troy, 135 N. Y. 96; Cosgrove v. City of Newburgh, 244 App. Div. 104; Minton v. City of Syracuse, 172 App. Div. 39; Ziff v. Town of Brighton, 136 N. Y. S. 2d 723; Boyle v. E. C. Holding Corp., 193 Misc. 204.)
To hold otherwise, would be to unreasonably extend the purpose of the statute. In Fullerton v. City of Schenectady (supra, p. 551) Justice Coon states in his dissenting opinion, “ I venture that no one would contend that a city has the power to enact a local law providing that it ‘ should not be liable for the negligence of its officers, agents or employees in relation to its streets.’ ” This would be particularly true if such local law Avere intended to relieve a municipality from affirmative acts of active negligence in creating a hazard through faulty construction installed by its OAvn servants.
Defendant’s motion for an order dismissing plaintiff’s complaint should be denied, with $10 costs of the motion. An order may be submitted accordingly.