■ EARL W. HEBBARD, Individually and as Administrator of the Estate of JOAN F. HEBBARD, Deceased, Respondent, v. RICHARD IVES et al., Respondents. and VILLAGE OF BAINBRIDGE, Appellant.— Appeal by the Village of Bainbridge from an order denying its motion to dismiss the complaint for failing to state a cause of action. The allegations of the complaint, for this motion accepted as true, set forth that on the 4th of November, 1957, the plaintiff's

intestate was riding as a passenger in an automobile owned by the defendant Richard Ives and was crossing the Johnson Street railroad tracks of the defendant Delaware and Hudson Railroad Corporation when it was struck by one of its trains. Besides the defendants already mentioned, the Village of Bainbridge was made a party defendant, the complaint alleging among other things the enactment of a local ordinance providing that no train whistles should be blown at railroad crossings within the village and failure to erect and maintain at the said crossing warning signs pursuant to section 53-a of the Railroad Law of the State of New York. The village, in its brief, concedes that no signs were erected at the crossing at the time of the accident. Section 53-a of the Railroad Law provides: "Every municipality * * * which is charged with the duty of maintaining a highway at places where such highway crosses a railroad at grade, shall install and maintain an approach warning sign * * * on each side of each railroad grade crossing at a distance * * * not less than three hundred feet." The contention that failure to provide signs required by the Railroad Law (quoted above) was a governmental function to which no liability attached is inconsistent with judicial decisions. (*Rivero* v. *City of New York*, 290 N. Y. 204; *Masterson* v. *City of Mechanicville*, 274 App. Div. 736, affd. 300 N. Y. 574.) *Cabri* v. *Long ,Is. R. R. Co.*, was first in the appellate courts (279 App. Div. 801) when the judgment dismissing the complaint at the close of the testimony was reversed. After a subsequent trial resulting in a verdict for the plaintiff, it was affirmed (281 App. Div. 985) and in the Court of Appeals (306 N. Y. 765) it was argued that the warning signs erected by the town in accordance with section 53-a of the Railroad Law were partially obscure. The judgment for the plaintiff was affirmed. (See, also, *Vandewater* v. *New York & New England R. R. Co.*, 135 N. Y. 583-588; *Foley* v. *State of New York*, 294 N. Y. 275.) The further contention that section 341-a of the Village Law which requires notice to the village of any defect, applies to the present facts is not supported by any cases cited in the appellant's brief and where the condition has been created by the municipality, notice would serve no useful purpose. (*Runkel* v. *City of New York*, 282 App. Div. 173, 177, 178.) It is not necessary to consider any other arguments advanced by the appellant in reaching the conclusion that the complaint, on a motion to dismiss, states a cause of action. In so concluding, let it be noted that we are not passing on the question of negligence as to any of the defendants. Order appealed from unanimously affirmed, with $10 costs to the plaintiff-respondent and $10 costs to the defendant-respondent. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.