■ GALE COULTER, an Infant, by ROBERT COULTER, Her Guardian ad Litem, et al., Appellants-Respondents, v. ROMAN CATHOLIC CHURCH OF ST. IGNATIUS, Respondent-Appellant.— In an action by the infant plaintiff to recover damages for personal injuries, and by her father to recover damages for medical expenses and for loss of services, as a consequence of the infant's fall from the horizontal bar of a dismantled seesaw apparatus in an area, denominated as a playground, on the defendant's premises, the parties cross-appeal as follows from an order of the Supreme Court, Kings County, dated November 29, 1960, and from a resettled order of said court, dated January 18, 1961, both made after a jury trial: (1) Plaintiffs appeal: (a) from said order of November 29, 1960, which granted defendant's motion, made pursuant to section 549 of the Civil Practice Act, to set aside the jury's verdict in favor of the infant for $30,000 and in favor of her father for $3,000, on the grounds that it was excessive and contrary to the evidence, and which restored the action to the calendar for a new trial; and (b) from so much of the resettled order of January 18, 1961, as granted the same relief. (2) Defendant appeals from so much of both orders as denied its motions to dismiss the complaint at the end of the plaintiffs' case and at the end of the entire case; as denied its motion for a directed verdict in its favor; and as granted a new trial. Appeals of all parties from the order of November 29, 1960, dismissed, without costs, as academic; such order was superseded by the resettled order of January 18, 1961. On plaintiffs' appeal from the resettled order: such order modified on the law and the facts by striking out the fifth decretal paragraph restoring the action to the calendar for a new trial. As so modified, said order, insofar as appealed from by plaintiffs, is affirmed, without costs. On defendant's appeal from the resettled order: such order modified on the law and the facts, without costs, by striking out the third, fourth and fifth decretal paragraphs which denied defendant's motions to dismiss the complaint and for a directed verdict, and which restored the action to the calendar for a new trial; and by substituting therefor provisions granting such motions. In our opinion, the plaintiffs failed to prove a cause of action. Their proof showed no defective equipment, similar accident, lack of supervision, or notice of the presence of the rock, allegedly struck by the infant plaintiff after she fell from the horizontal bar of the seesaw apparatus from which the teeter-boards were removed by the defendant at least three months prior to this accident. In view of the proof that the infant was concededly pushed from the bar by a playmate, and in the absence of proof of the inculpatory factors mentioned above as causally connected with her injury, the intervening act of a third party under the circumstances was not one reasonably foreseeable by the defendant (*Blume* v. *City of Newburgh*, 265 App. Div. 965, affd. 291 N. Y. 739; *Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306, 310–311; *Clark* v. *City of Buffalo*, 288 N. Y. 62, 66; *Ferguson* v. *Payne*, 279 App. Div. 968, affd. 306 N. Y. 590; *Dougherty* v. *City of New York*, 267 App. Div. 828, affd. 295 N. Y. 786). Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.