■ DONNA HERMANCE, an Infant, by Her Parent and Natural Guardian, HERBERT HERMANCE, et al., Appellants, v. MELVIN SLOPEY et al., Respondents.— COOKE, J. Appeal by plaintiffs from a judgment of the Supreme Court entered upon a verdict of no cause of action in a personal injury negligence action. Donna Hermance, five years and four months of age, received severe injuries when she ran into First Street in the City of Glens Falls and came in contact with the pickup truck owned by one defendant and operated by the other. There were disputed issues of fact, such as concerning the place where the child went into the street in relation to a parked station wagon and the portion of the truck which touched her, but the rather lengthy trial did not develop substantial liability against defendants and it cannot be said that the verdict was contrary to the weight of evidence or, indeed, that a recovery by plaintiffs could have been sustained. Appellants contend that their counsel, prior to summation, called attention to certain authorities with a request for a charge on the subject of *sui juris* and *non sui juris*, neither of which is revealed in the record, but it cannot be said that the charge relating to contributory negligence on the part of the infant plaintiff was erroneous

(*McDonald* v. *Central School Dist.*, 289 N. Y. 800; *Camardo* v. *New York State Rys.*, 247 N. Y. 111; *Chandler* v. *Keene*, 5 A D 2d 42, 43–44), particularly absent an exception or request for clarification (CPLR 4017; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4017.02 *et seq.*). After defining negligence, the Trial Justice stated that it may arise "from doing an act which a reasonably prudent person would not have done under the same circumstances or, on the other hand, in failing to do an act which a reasonably prudent person would have done under the same circumstances", pointing out that plaintiffs contended that the truck operator saw the children at play around a stump, yard and sidewalk in the area of the parked vehicle while 200 feet away and that in the exercise of reasonable care he should have slowed down, steered to the left and given warning of his approach, that he should have recognized the propensity of children in play "as to the likelihood of their coming onto the street", there being more of an error of omission than commission in the "failure to take extra precautions which caused this accident." Coupled with the lack of an exception or request to make the charge in this respect more explicit, same did not constitute reversible error (cf. *Quarcini* v. *Blackwell*, 10 N Y 2d 843; *Stein* v. *Palisi*, 308 N. Y. 293, 297). Section 1154 of the Vehicle and Traffic Law was charged and the court's expanding remarks thereon are not reversible (cf. *Chiappone* v. *Greenebaum*, 189 App. Div. 579, 581; *Gobes* v. *Cutting Larsen Co.*, 178 N. Y. S. 338). Upon a reading of subdivision (a) of section 1152 of the Vehicle and Traffic Law, no request or exception in regard thereto was made or taken by plaintiffs. Although it was error to receive a policeman's testimony that the father of the infant stated that his daughter should have been in the backyard, same being incompetent as an admission against the infant (*Paolantonio* v. *Long Is. R. R. Co.*, 274 App. Div. 1063, affd. 300 N. Y. 640; *Dougherty* v. *City of New York*, 267 App. Div. 828, affd. 295 N. Y. 786; Practicing Law Institute, Litigation Series, Trial Evidence, p. 21–14), prejudice requiring reversal was not created thereby, in view of the mother's testimony, undisputed and received without objection, that she had told the girl on the afternoon in question to play in the backyard. Appellants' additional contentions seem to us insubstantial. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.