■ BETTY SHAFFER, an Infant, by EULETA SHAFFER, Her Parent, et al., Appellants, v. JAMES P. COLEMAN, an Infant, by RICHARD COLEMAN, His Parent, et al., Defendants, and VILLAGE OF WAVERLY, Respondent. (And Two Other Actions.) — Appeal from judgments of the Supreme Court, Tioga County, entered on jury verdicts of no cause of action in favor of the respondent and from orders of the same court denying appellants' motions to set aside the verdicts and for a new trial on the ground that the verdicts were contrary to the weight of the evidence and in the interests of justice. At 9 :00 P.M. on June 28, 1968 a vehicle driven by James Coleman along the River Road in the Village of Waverly left the road, traveled through brush, weeds and debris and struck the concrete headwall of a culvert demolishing the Coleman car, killing Lucinda Shaffer and injuring Leslie and Betty Shaffer. In this case the appellants seek damage recovery from the respondent based on its negligent design, construction and maintenance of the culvert and headwall. Of course, the jury's determination of factual issues will not be set aside unless it can be said that it could not have reached its conclusion on any fair interpretation of the evidence (e.g., *Pertofsky* v. *Drucks,* 16 A D 2d 690). And respondent is entitled here to the view of the evidence, as disclosed in the record, most favorable to it and to all of the reasonable inferences therefrom (*Commisso* v. *Meeker,* 8 N Y 2d 109). On the instant record not only is there a factual dispute as to the existence of any negligence on the part of the respondent but in addition a factual issue as to proximate cause. The concrete headwall was at least 4½ feet and the jury could find, in fact, 8¾ feet from the pavement and it is evident that either Coleman's loss of control at an excessive speed (there is testimony he was traveling at 70 to 80 miles per hour and he hit the headwall with sufficient force to propel four tons of concrete a distance of three feet) or the action of another driver forced his vehicle into a collision course with the headwall. The jury could thus well find that there was no negligence liability attributable to the respondent (*Darling* v. *State of New York,* 16 N Y 2d 907; *Ellis* v. *State of New York,* 16 A D 2d 727, affd. 12 N Y 2d 770; *Proctor* v. *Town of Colonie,* 6 A D 2d 967, affd. 8 N Y 2d 952; *Kinne* v. *State of New York,* 8 A D 2d 903, affd. 8 N Y 2d 1068). Nor do we find any errors advanced as to the conduct of the trial which are so prejudicial as to necessitate reversal and a new trial. Clearly the jury did not render its verdict on the basis of the appellants being contributorily negligent but rather upon the respondent's lack of liability. Moreover, no exceptions were taken to the charge, and since we find present no such fundamental errors in the charge as require a new trial in the interests of justice (CPLR 4017; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4017.02 *et seq.*; *Hermance* v. *Slopey,* 32 A D 2d 573), the judgments and orders should

be affirmed. Judgments and orders affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Sweeney and Simons, JJ., concur.