Valerie PARK, Infant, by her Father, Harry Park, and Harry Park, Individually, Plaintiffs-Appellees,

v.

VILLAGE OF WAVERLY, NEW YORK, Defendant-Appellant.

No. 553, Docket 71-1707.

United States Court of Appeals, Second Circuit.

Argued March 6, 1972.

Decided March 31, 1972.

Alan J. Friedlander, Waverly, N. Y., for plaintiffs-appellees.

Conrad E. Stearns, Binghamton, N. Y. (Stearns & Stearns, Binghamton, N. Y., on the brief), for defendant-appellant.

Before FRIENDLY, Chief Judge, TIMBERS, Circuit Judge, and JAMESON, District Judge.*

PER CURIAM:

This is a diversity action arising out of an automobile accident on the River

* Senior District Judge of the District of Montana, sitting by designation.

Road, Village of Waverly. Appellee Valerie Park, a girl of fifteen, was a passenger in a car driven by James Coleman which, after meeting and passing a car driven by Glen Baker, struck a concrete culvert headwall on the shoulder of the roadway. Valerie and her father, Harry Park, commenced this action against Coleman, Baker, the owners of the two vehicles, and appellant Village. The cases against the individual defendants were severed and settled. The case against appellant proceeded to trial and resulted in a jury verdict in favor of appellees. The district court denied motions for a directed verdict and for a new trial.

■ Appellants contend that (1) there "is no proximate legal cause relationship" between the conduct of the Village and appellees' damages, and (2) "Absent prior written notice, the Village is liable only for affirmative negligence, which is not shown." Under New York law this court must take "the view of the proof most favorable to the verdict." Hannan v. Schmitt, 18 A.D.2d 854, 236 N.Y.S.2d 107, 108 (3d Dept.1963).[1]

### Sufficiency of the Evidence

■ From a review of the record as a whole and viewing the proof in the light most favorable to the plaintiffs, we are satisfied that the case was properly submitted to the jury under appropriate instructions [2] and that the jury was justified in finding that the defendant Village was negligent and its negligence was a proximate cause of the damages.

The accident occurred at a sharp unmarked curve on a narrow road, which was maintained and patrolled by the Village. While there was a conflict in the testimony, the jury could properly find that Coleman, traveling at a speed of 30 to 35 miles an hour, was forced to drive partially on the shoulder by reason of the Baker car driving over the center of the highway.[3] There were no curve warning or speed limit signs, no center line or shoulder markings, guard rails or guide rails, and no abutment signs or warnings. The shoulder was covered with grass, weeds and brush which obscured the culvert abutment.

There was evidence that a police officer had made a special investigation of the site as the result of a number of prior accidents and had recommended curve warning and speed limit signs and guide rails. A well qualified expert witness testified that the conditions at the site of the accident were not in accord with standard and acceptable highway practices in the area. In particular, the roadway was not properly marked and should have had curve signs and guide rails, and the abutment was improperly obscured by growth, was not properly marked, and was too close to the highway for safety.[4]

There was ample evidence to sustain a jury finding that appellant's negligence was a proximate cause of the accident.[5]

1. The parties agree that New York law should be applied in determining whether the case should have been submitted to the jury. Both the Supreme Court and this court in a number of decisions have declined to decide this issue. See Simblest v. Maynard, 427 F.2d 1, 4–7 (2 Cir. 1970) and cases there cited. There is no contention that the application of federal rather than state standards would require a different result.

2. There were no exceptions to the court's charge.

3. Baker testified as a defense witness that he was forced off the road by Coleman who was traveling 70 to 80 miles per hour. It is obvious from the verdict that the jury did not accept his version of the accident.

4. This witness testified that the headwall was four feet six inches from the actual pavement edge, but that there was two feet of gravel covering the pavement which he brushed away before making his measurements.

5. An action by other passengers in the Coleman vehicle against appellant in the New York State court, in which both sides were represented by the same counsel as here, resulted in a jury verdict for the appellant. In affirming, the Appellate Division, Third Department, held that there was a "factual dispute as to the existence of any negligence on the part of the re-

*Was Prior Written Notice Required?*

Section 341–a of the Village Law of the State of New York provides in pertinent part:

"No civil action shall be maintained against the village for damages * * * sustained in consequence of any street, highway, bridge, culvert, * * * being defective, out of repair, unsafe, dangerous or obstructed * * * unless written notice of the * * * condition * * * relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of * * * or the place otherwise made reasonably safe."

No prior written notice was given in this case.

In Doremus v. Incorporated Village of Lynbrook, 18 N.Y.2d 362, 275 N.Y.S.2d 505, 507, 222 N.E.2d 376 (1966) the Court of Appeals concluded that "section 341–a read strictly, as it should be read, refers to physical conditions in the streets or sidewalks and was an effort to exempt the villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof." It was held that the statute did not cover a defective stop sign which allegedly caused an automobile accident.

 The New York courts have held also that notice is not required where the village has created the defective condition, Hebbard v. Ives, 8 A.D.2d 648, 184 N.Y.S.2d 971 (3rd Dept.1959), or where there are "affirmative acts of negligence" on the part of the village, Overdorf v. Village of Endicott, 7 Misc.

spondent" and a "factual issue as to proximate cause." Noting that "the jury's determination of factual issues will not be set aside unless it can be said that it could not have reached its conclusion on any fair interpretation of the evidence" it concluded that the jury's verdict was supportable. Shaffer v. Coleman, 37 A.D.

2d 883, 166 N.Y.S.2d 514 (Broome Co. Ct.1957).

There was substantial evidence from which the jury could find that appellant had created the defective condition and also that the defects were not of the kind requiring notice under section 341–a.[6]

Affirmed.

2d 646, 322 N.Y.S.2d 579, 580 (3d Dept. 1971). The same is true here, even though the jury arrived at a contrary result.

6. In view of our holding on the issue of notice, it is not necessary for us to decide the propriety of the district court's submitting this issue to the jury.