■ AVA ESTES, an Infant by CLINTON ESTES, Her Parent, et al., Respondents, v. TOWN OF BIG FLATS, Appellant. (Action No. 1.) JOSEPH V. CARMODY, Respondent, v. TOWN OF BIG FLATS, Appellant. (Action No. 2.) — Appeals from judgments of the Supreme Court in favor of plaintiffs, entered May 19, 1972 and May 9, 1972 in Chemung County, upon verdicts rendered at a Trial Term. These actions were instituted to recover damages for personal injuries and property loss sustained in an automobile accident on May 11, 1969, when a car, driven by plaintiff Carmody and in which plaintiff Ava Estes was a passenger, struck a bridge on Olcott Road in the Town of Big Flats. The alleged cause of the accident was defendant's negligence in failing to provide proper warnings as to the condition of Olcott Road and the existence of the bridge which plaintiffs struck. There are two errors, one prejudicial and another fundamental, which require a reversal and a new trial. In his opening statement counsel for the plaintiff Estes made a comment: "They had insurance for this bridge. They deny it in the papers. They deny responsibility for the bridge." The pleadings, however, do not reveal a legitimate issue of control since the controverted paragraphs of the complaint relating to ownership and

control contained evidentiary matters and a legal conclusion. In addition the identical allegations in the Carmody complaint were admitted. Even assuming a legitimate issue were present, the opening statement was not the proper time to comment on how the ownership or control would be proven, particularly when no such proof would be offered into evidence during the trial. Such was the case herein and it can only be concluded that it was a deliberate and unwarranted disclosure to the jury that defendant town carried liability insurance on the bridge, strongly suggesting a calculated attempt at prejudice. In such a close case of liability this prejudicial conduct cannot be condoned and constitutes reversible error. Additionally, the evidence did not entitle plaintiff to a charge of the emergency rule. The only evidence of such a situation, not of plaintiff Estes' own creation was the presence of an oncoming vehicle some 500 feet ahead which was preparing to turn into a driveway about 150 feet from the bridge. Again, where the question of liability is close, an erroneous application of law which alters the duties of a party in a given set of facts must be considered a fundamental error to which no exception need be interposed (see *Shaffer* v. *Coleman,* 37 A D 2d 646). We decide no further issues. Judgments reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Herlihy, P. J., Staley, Jr., Kane and Reynolds, JJ., concur; Cooke, J., dissents and votes to affirm in the following memorandum. Cooke, J. (dissenting): In view of the status of the pleadings at the time and the position taken by appellant's trial counsel, it was not error to deny the motion for a mistrial based on the statement in the opening of the attorney for plaintiffs Estes that "They had insurance for this bridge. They deny it in the papers. They deny responsibility for the bridge" (*Leotta* v. *Plessinger,* 8 N Y 2d 449, 462; *Griffin* v. *Corporation of Church of Assumption of Mechanicville, N. Y.,* 14 A D 2d 620; *Martyn* v. *Braun,* 270 App. Div. 768; *McGovern* v. *Oliver,* 177 App. Div. 167). The complaint of said plaintiffs states in part: " 2. That at all times hereinafter mentioned, Olcott Road in the said Town of Big Flats was and still is a town road and a public highway in common use by the residents of said town and others. 3. That at all times herein mentioned there was and still is on the said highway and a part there of [sic] a bridge over a creek and located approximately 350 feet south of the intersection of Olcott Road and New York State Highway, Route #17. 4. That at all times hereinafter mentioned the duty was and still is imposed upon the said defendant Town of Big Flats to maintain the aforesaid Olcott Road and the said-ridge [sic] in a reasonably safe and proper condition so as to prevent injury toppersons [sic] lawfully on the said bridge, and using said public highway." Defendant's amended answer admitted the allegations of paragraph " 2 " and denied those contained in paragraphs " 3 " and " 4 ". During discussion of the motion, the Trial Justice asked defendant's counsel, " Well now, from the pleadings, do I understand from what you're saying, you do not deny that the town owned the road and the bridge? " and counsel responded, " We admit ownership of the road. But, I am not going to admit any conclusion like that." As to the possibility that the bridge may not have been owned by the town, see section 131-d and subdivisions 6, 7 and 10 of section 231 of the Highway Law. Significantly, no further mention was made of insurance by counsel or witnesses after defendant's counsel admitted that the bridge was part of the town highway. No exception was taken to the court's charge on the subject of emergency and, indeed, defendant's brief does not raise the point. Regarding said subject, it could be found on the evidence that the oncoming vehicle was slightly more than 300 feet away from the Carmody car and that the driveway into which the oncoming vehicle was preparing to turn was about 100 feet from the bridge. The judgments should be affirmed.