Ray L. ELDRED, Jr., et al., Plaintiffs-
Appellees,

v.

TOWN OF BARTON, NEW YORK,
Defendant-Appellant.*

No. 52, Docket 73-2782.

United States Court of Appeals,
Second Circuit.

Argued Oct. 21, 1974.

Decided Nov. 25, 1974.

Donald J. Kemple, Syracuse, N. Y. (Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N. Y., on the brief), for defendant-appellant.

---

* Editor's Note: The opinion of the Court of Appeal in Doe v. Wohlgemuth published in the advance sheets at this citation (505 F.2d 186), was withdrawn from the bound volume upon the Court's vacation of judgment and grant of rehearing en banc.

Alan J. Friedlander, Waverly, N. Y., for plaintiffs-appellees.

Before MOORE, OAKES and GUR-FEIN, Circuit Judges.

GURFEIN, Circuit Judge.

This is an appeal from a judgment entered upon a jury verdict after a trial before Judge Edmund Port in the United States District Court for the Northern District of New York.[1] Defendant Town of Barton challenges a wrongful death recovery of $91,500 by the administrator of the decedent's estate and his parents. We affirm.

The action arises from an unwitnessed accident which occurred in the early morning hours of a foggy night on September 3, 1971. The plaintiff's decedent and his companion who lived in the neighborhood were killed when the car in which they were riding started around a left hand unmarked curve on a hill and left the narrow road, Hill Road, plunging into a glen below. On the plaintiff's view, which the jury accepted, the vehicle left the Hill Road to its right after running upon loose gravel and broken, rutted edges of the roadway. The edge of the precipice over which the car plunged was at 40° angle below the pavement of the road. There were no curve warning or speed limit signs, no center line or shoulder markings. The guard rails and the wire cable between them were down. The slope at this point breaks quite steeply after rising slightly. The quite steep slope begins only nine feet from where the vehicle left the roadway.

An expert for the plaintiff, a professor of Engineering at Cornell, testified that the road was badly engineered, that it was improperly banked and in-sufficiently marked, and that erosion had made a hazard of the shoulder. It was his opinion that because of the way the road was banked a vehicle would tend to go off the curve to the right and that the loose gravel would act as "rollers." A policeman and two other witnesses testified that broken pavement jutted the edge of the road and that loose gravel was on the main roadway. The wire cable of the guard rail protecting the dangerous curve at the site of accident was shown to have been down for several years. Hill Road was a town road maintained by the defendant. The Town had been given notice of all these conditions by a claim filed two years earlier after an accident at the same place.

Faced with this compelling circumstantial evidence, which related both to negligence and proximate cause, the Town did not seriously contest its own negligence. It argued, however, that such evidence was insufficient to prove that its negligence was the proximate cause of the accident. In its view, since tire marks suggested that the car went off the road in a straight line without skidding and since the car was travelling fast enough to hit trees on the steep embankment at the side of the road well above ground level, the proper inference to be drawn was that the driver's contributory negligence in operating the car caused the accident. The jury did not agree, perhaps partly because the bases of the trees that were struck were four feet below the level of the road on that steep embankment so that no excessive speed would necessarily be inferred.

Under New York law[2] this Court must take "the view of the proof

1. Jurisdiction is based on diversity of citizenship.

2. In light of our holding in favor of the appellee under New York law and a stipulation made at trial that "New York law will control on all questions except damages" (App. p. 50), we do not reach the appellee's contention that a federal rule rather than the state rule on sufficiency of evidence should govern. While that question is debatable and apparently undecided in this Circuit (see e. g. Evans v. S. J. Groves & Sons Co., infra, 315 F.2d at 342 n. 2; Simblest v. Maynard, 427 F.2d 1, 4–7 (1970); Park v. Village of Waverly, infra, 457 F.2d at 1140 n. 1 (1972)), its resolution is not necessary since we have decided in favor of the appellee under New York law. See Dick v. New York Life Ins. Co., 359 U.S. 437, 444–445, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959).

most favorable to the verdict." Hannan v. Schmidt, 18 A.D.2d 854, 236 N.Y.S.2d 107 (3d Dept. 1963); Park v. Village of Waverly, 457 F.2d 1139 (2d Cir. 1972). Given that standard of review, we believe that the jury was justified in finding that the defendant Town was negligent and that its negligence was a proximate cause of the accident. Park v. Village of Waverly, *supra*.

The primary issue urged on appeal is that the evidence was insufficient as a matter of law for submission to the jury. It is also contended that the trial judge erred in refusing to charge that the jury must determine the defendant's negligence to be the *sole* proximate cause of the accident in order to find for the plaintiff. We do not read New York law to substantiate either proposition.

While the New York cases involving sufficiency of circumstantial evidence to show negligence and proximate causation are not entirely consistent,[3] we believe that this case is controlled by Wragge v. Lizza Asphalt Construction Co., 17 N.Y.2d 313, 270 N.Y.S.2d 616, 217 N.E.2d 666 (1966).[4] In *Wragge*, similarly a case involving an unwitnessed auto accident, the Court of Appeals stated that

"[C]ircumstantial evidence offered by plaintiffs need not exclude all other possible causes of the accident. . . . On the evidence produced, viewing it in a light most favorable to plaintiffs, it was more reasonable that the accident was caused by the [de-fendant's negligence] . . . than . . . some other happening which may have caused the driver to lose control of the automobile. The task of weighing and evaluating the evidence belonged to the jury . . . ." 17 N.Y.2d at 321, 270 N.Y.S.2d at 622, 217 N.E.2d at 670.

It is true, as the Town asserts, that other possible causes of this accident (including negligent operation) can be imagined, but, under *Wragge*, that is not enough to require a directed verdict for the defendant.[5] What is decisive on a motion for directed verdict "is not the number of possible explanations but their relative probability and, in turn, the legal inferences that can most reasonably be drawn from the most probable ones." Evans v. S. J. Groves & Co., 315 F.2d 335, 343 (2 Cir. 1963). Particularly since New York puts the burden of proof in death cases on the defendant, there was insufficient proof of contributory negligence on the part of plaintiff's decedent to require a directed verdict for the defendant.[6]

In light of this discussion, we have determined that the trial judge's refusal to charge the jury that defendant's negligence must have been the *sole* cause of the accident was not error. See Prosser, Torts, § 41 at 239 (4th Ed. 1973).

We have considered the appellant's other claims and find them to be without merit. The verdict, while generous, was not excessive.

Affirmed.

---

3. See, e. g., Boyce Motor Lines v. State of New York, 280 App.Div. 693, 117 N.Y.S.2d 289 (3d Dept. 1952), aff'd, 306 N.Y. 801, 118 N.E.2d 819 (1954), but there was insufficient proof of negligence on the part of the state.

4. See also Park v. Village of Waverly, *supra*, Gurevitch v. State of New York, 309 N.Y. 711, 128 N.E.2d 416 (1955); Huston v. County of Chenango, 253 App.Div. 56, 1 N.Y.S.2d 252 (3d Dept. 1937), aff'd, 278 N.Y. 646, 16 N.E.2d 301 (1938); Rugg v. State of New York, 284 App.Div. 179, 131 N.Y.S.2d 2 (3d Dept. 1954).

5. A simple showing that the car must have gone off the road at high speed is insufficient to prove the negligence of the driver. See Cole v. Swagler, 308 N.Y. 325, 125 N.E.2d 592 (1955).

6. New York tilts the burden in favor of a wrongful death plaintiff by inverting its usual rule that plaintiffs must prove lack of contributory negligence. N.Y.E.P.T.L. § 5–4.21. See Noseworthy v. City of New York, 298 N.Y. 76, 80 N.E.2d 744 (1948).