■ WILLIAM G. CONRAD et al., Appellants, v DAVID S. CARD et al., Respondents.—Appeal from a judgment of the Supreme Court, entered

December 14, 1973 in Broome County, upon a verdict of no cause of action rendered at a Trial Term. On April 18, 1971 William Conrad, a visitor on the property of David Card, sustained serious burn injuries when, as Card poured gasoline into the carburetor of a pick-up truck owned by Ivan Ploutz while Ploutz attempted to start the motor with the ignition switch, a backfire occurred through the carburetor igniting the jar of gasoline held by Card. The jury returned a verdict of no cause of action based on a finding of assumption of the risk. We cannot say on the instant record that the jury's verdict was against the weight of the evidence and contrary to law as the plaintiffs urge. There is present here only a factual question as to whether Conrad voluntarily subjected himself to a peril known to him, or generally observable by a person of ordinary prudence in his situation (see *Eufemia v Pacifico,* 24 AD2d 673; *Utica Mut. Ins. Co. v Amsterdam Color Works,* 284 App Div 376, 379). Moreover, this question was specifically submitted to the jury on a charge following New York Pattern Jury Instruction without exceptions (PJI 2:55; CPLR 4110-b, 5501, subd [a], par 3). Nor does the failure of the trial court to review the evidence or attempt to relate the evidence to the issues presented require reversal in this relatively straightforward case, especially, since no objection was taken to the charge in that regard *(Tenczar v Milligan,* 47 AD2d 773; *Zipay v Benson,* 47 AD2d 233). We find present no other basis for reversible error, and, accordingly, the judgment appealed from must be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Main and Reynolds, JJ., concur; Mahoney and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Mahoney, J. Mahoney, J. (dissenting). We dissent and hold that the judgment entered on the verdict below must be reversed and a new trial held. The majority's holding that the judgment below must be affirmed because "The jury returned a verdict of no cause of action based on a finding of assumption of the risk" and, further, that they (majority) "cannot say on the instant record that the jury's verdict was against the weight of the evidence and contrary to law", is erroneous. We are not herein concerned with a trial wherein an erroneous principle of law was charged and the party against whose interest such error would operate failed to object and thereby preserve the error for review *(Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471; *Martin v City of Cohoes,* 37 NY2d 162). Rather, for purposes of this appeal (although we disagree that the factual situation herein should have prompted a charge of assumption of risk), we shall assume that it was proper for the court to charge both contributory negligence and assumption of risk. That being so, we insist that it was incumbent upon the court, regardless of the brevity of the trial, to marshall the facts and instruct the jury as to the manner in which they should apply the facts to the disjunctive theories charged. This the court failed to do and such failure was a fundamental error requiring reversal despite the lack of exception to the charge by plaintiffs' attorney. *(Estes v Town of Big Flats,* 41 AD2d 681; *Shaffer v Coleman,* 37 AD2d 646.)* Since the defense of assumption of risk denies the negligence of the defendants absolutely, it affirmatively asserts that the plaintiff's conduct was the sole cause of the accident and resultant injury. The defense of contributory negligence, on the other hand, may concede defendants' negligence but denies the proximate cause. Each of these two defenses is premised on a different theory and though both may, in a proper case, be charged, it is imperative that the jury be instructed as to the distinction between them and as to the manner in which the vital distinction should be applied to the facts. This is especially true where the liability issue is close, as herein, because if not adequately instructed the

jury may not attempt to separate the two defenses and apply each independently to the facts to determine which, if either, applies. The jury should have been told, minimally, that if they found that the plaintiff knew, or by the exercise of reasonable care should have known, that a danger existed, then they could consider the defense of contributory negligence together with the attendant issue of whether such contributory negligence, if found, proximately contributed to the accident. They should also have been informed, in words of the court's choosing, that the defense of assumption of risk operates only when the plaintiff actually knows the full scope and magnitude of the danger and voluntarily exposes himself to it. To merely charge the definition of assumption of risk from the Pattern Jury Instructions without relating that definition to the facts or distinguishing it from contributory negligence left the jury without adequate guidelines to apply the defense of risk assumption. In our view, such failure was a fundamental error requiring reversal and a new trial. *(Estes v Town of Big Flats, supra; Schaffer v Coleman, supra;* 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.02 *et seq.; Hermance v Slopey,* 32 AD2d 573). The judgment should be reversed and a new trial ordered.